Isaac Van JOHNSON et al., Appellants,

v.

HOME INDEMNITY COMPANY, Appellee.

No. 7706.

Court of Civil Appeals of Texas.

Texarkana.

March 8, 1966.

Rehearing Denied April 5, 1966.

Jay S. Fichtner, Gayle E. Oler, Webber W. Beall, Jr., John M. Hamilton, Dallas, for appellants.

Gordon Macdowell, Royal H. Brin, Jr., Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

DAVIS, Justice.

A summary judgment case. In 1962, James Leon Bledsoe and wife, Eva Pearl Bledsoe, sued Isaac Van Johnson and Wm. T. Hamilton, Jr., for damages because of the death of their daughter, Mary K. Bledsoe, as the result of an accident when a motor vehicle being driven by Johnson struck and killed Mary K. Bledsoe. She was two years of age. Judgment was entered in favor of the Bledsoes for $12,000.-00, plus interest and cost. After the judgment became final, Home Indemnity Company filed this suit against Johnson, Hamilton and the Bledsoes, under the Declaratory Judgment Act, in which it denied liability on the insurance policy it had issued to Johnson for five specific reasons. This court is not concerned with but two of those reasons, viz: That the vehicle being driven by Johnson at the time of the accident was *not* a private passenger automo-

bile within the specific exclusion of the policy; and, the motor vehicle was not a "non-owned" vehicle since it was "furnished for the regular use" of Johnson. Johnson and Hamilton filed specific denials. The Bledsoes filed specific denials and a cross-action against Home Indemnity Company for payment of the judgment up to its liability limits, together with 12% penalty, interest and a reasonable attorney's fee. The trial court granted the summary judgment. The Bledsoes have perfected their appeal, and bring forward two points of error.

By their first point, appellants say the trial court erred in granting a summary judgment because a genuine issue of material fact existed as to whether or not the motor vehicle was "furnished for the regular use" of Johnson. The court can not find any Texas appellate decisions on the question. Appellant takes the position that Johnson's insurance on his personal car extends to the motor vehicle that he was driving on the date of the accident because he did not "regularly use the motor vehicle" at all times. In speaking of this phrase as contained in an insurance policy, the Supreme Court of Oregon, in George B. Wallace Co. v. State Farm Automobile Insurance Co. (1960), 220 Or. 520, 349 P.2d 789, had this to say:

"We are of the opinion, therefore, that the phrase 'furnished for regular use' as used in context does not imply the manner of use, that is, putting the automobile to the same uses to which an insured would use his own automobile, but implies a right to the regular use of the automobile in the sense that there is an expressed or implied understanding with the owner of an automobile that the insured could have the use of the particular automobile or perhaps any automobile of the other at such times as he desired, if available.

"The term 'furnished for regular use' does not embody the term 'for temporary use,' but describes the antithesis thereof.

It, therefore, expresses no thought of excluding protection in those situations where the use is but for a single occasion or single purpose."

The pickup truck that was being driven by Johnson on the occasion of the accident was owned by Hamilton. According to the pleadings and the affidavit, he only used the pickup occasionally. There are other cases by other states that, in effect, hold that whether or not an automobile is "furnished for the regular use" of another creates an issue of fact. State Farm Mutual Automobile Insurance Company v. Bates (1963), 107 Ga.App. 449, 130 S.E.2d 514; State Farm Mutual Automobile Insurance Co. v. Smith (1965), 206 Va. 280, 142 S.E.2d 562; National-Ben Franklin Insurance Company of Pittsburgh, Penn. v. Prather (1964), 109 Ga.App. 459, 136 S.E.2d 499; Lincombe v. State Farm Mutual Automobile Insurance Co. (1964), La.App., 166 So. 2d 920; State Farm Mutual Automobile Insurance Company v. Smith (1965), 206 Va. 280, 142 S.E.2d 562; Schilling v. Stockel (1965), 26 Wis.2d 525, 133 N.W.2d 335. The point is sustained.

■ By their point 2, appellants say the trial court erred in granting a summary judgment because a genuine issue of material fact was raised as to whether or not the automobile in question was a "private passenger automobile" within the meaning of Exclusion (h) of the policy. The vehicle involved was a pickup truck. Appellants take the position that the pickup truck was a "private passenger automobile". A passenger car is defined in Art. 6675a–1(j) as follows:

" 'Passenger Car' *means any motor vehicle* other than a motor cycle or a bus, as defined in this Act, designed *or used primarily for the transportation of persons."* (Emphasis added.)

Under Part I—"Liability", and "Exclusions" the policy sued upon reads as follows:

"Exclusions: This policy does not apply under Part I:

\*     \*     \*     \*     \*     \*

(h) to a non-owned automobile which used (1) in the automobile business by the insured or (2) in any other business or occupation of the insured except a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant or a trailer used therewith or with an owned automobile."

The definitions under Part I read, in part, as follows:

" \*   \*   \* 'private passenger automobile' means a four-wheel private passenger, station wagon or jeep type automobile."

The Court of Civil Appeals in Austin (1964), Mutual Benefit Health & Accident Association v. Hudman, Tex.Civ.App., 385 S.W.2d 509, held that a one-half ton pickup truck used for transporting passengers and goods was a 'passenger automobile' within the meaning of the accident policy involved in the lawsuit. The provisions in that policy were about the same as the ones involved in this suit. The Supreme Court granted a writ of error and reversed the judgment of the Court of Civil Appeals on certain other provisions of the health and accident policy, but they did not reverse the holdings of the Court of Civil Appeals that the pickup truck was a private passenger automobile. Mutual Benefit Health & Accident Association v. Hudman (1965), Tex. Civ.App., 398 S.W.2d 110.

The Tennessee Supreme Court held that a one-half ton pickup was a 'private passenger automobile'. Aetna Life Ins. Co. of Hartford, Conn. v. Bidwell (1951), 192 Tenn. 627, 241 S.W.2d 595. See, also, Poncino v. Sierra Nevada Life & Casualty Co. (1930), 104 Cal.App. 671, 286 P. 729; Fidelity & Casualty Co. of N. Y. v. Martin (1933), 9 Cir., 66 F.2d 438. This court holds that the issue of whether or not the pickup truck was a private passenger automobile creates an issue of material fact

that must be decided upon before a final decision can be entered. The point is sustained.

The judgment of the trial court is reversed and the case is remanded.