INTERNATIONAL SERVICE INSURANCE
COMPANY, Appellant,

v.

Roy L. WALTHER, Appellee.

No. 11787.

Court of Civil Appeals of Texas,
Austin.

Feb. 10, 1971.

Rehearing Denied March 3, 1971.

Allan I. Schneider, Giddings, Robert E. Perman, Smithville, for appellant.

Robert S. Pieratt, Thomas M. Ryan, Houston, for appellee.

SHANNON, Justice.

This is an appeal from a judgment based upon a jury verdict for appellee, Walther, against appellant insurance company. Walther's suit was for medical payment benefits under his family automobile insurance policy, and concerned the construction of the "non-owned automobile" proviso. This appeal comes after the second trial of this cause, the record showing that a jury verdict was returned in the first trial but no judgment was entered.

We reverse and render judgment for appellant.

Walther was injured in a truck-train wreck on March 1, 1966 in Colorado County. At that time, he was driving a truck owned by his employer, the Giddings Grain Company, and as a result of his injuries the medical expenses were more than the limit of the medical payment benefits. Ap-

pellant's insurance policy provided medical payments to the named insured while "occupying a non-owned automobile." A "non-owned automobile" was defined in the policy as "* * * an automobile or trailer not owned by or *furnished for the regular use of* * * * the named insured * * *" (Emphasis added).

Walther tried his case upon the theory that his employer's truck was not furnished for his regular use. The jury agreed.[1] The court denied appellant's motion for judgment non obstante veredicto and entered judgment for Walther for $1,000.00, penalties, attorney's fees, interest and costs.

Appellant urges one point of error.[2] Notwithstanding the language of appellant's point, and because the appeal is predicated upon a motion for judgment non obstante veredicto and because of the relief sought in appellant's brief and prayer, we view the point as a "no evidence" point. See 38 Tex.Law Rev. 359. (Article by Justice Robert W. Calvert, 1960).

The question is whether or not as a matter of law, the truck was furnished for the regular use of Walther. If it were, appellant has no liability.

A summary of the undisputed evidence concerning Walther's relationship to the truck follows: Walther was employed by the grain company in 1962, and since July of 1965 he was a feed delivery man. At the time of the wreck the grain company owned three delivery trucks, a half-ton, a one ton and a two-ton. Walther drove all three trucks making feed deliveries, the size of the load determining which truck he selected. The trucks were garaged at the grain company, and he was not permitted to use them for personal missions. Walther used the trucks to make deliveries both about Giddings and out of town, specifically to Gonzales, Nixon, Cuero, Westhoff, Hallettsville, La Grange, Weimar, Schulenberg, Victoria, Edna and El Campo. The number and frequency of trips he made depended upon the amount of feed sold during a week being two, three, four or more trips out of Giddings.

The plan of medical payment coverage is to extend coverage to the insured while he is occupying an automobile other than the one named in the policy if the other automobile is not owned by him or furnished for his regular use. Such protection, then, is given to casual or infrequent occupancy of other automobiles than the named automobile. It is regular double coverage that the "regular use" clause avoids. See Moore v. State Farm Mutual Automobile Ins., 239 Miss. 130, 121 So.2d 125 (Miss. Sup.1960).

No contention is made that the term "regular use", is ambiguous, and although there is authority to the contrary, such policy provisions are generally held to be unambiguous. Bringle v. Economy Fire &

---

1. "SPECIAL ISSUE NO. 1: Do you find from a preponderance of the evidence that at the time of the collision if any, of March 1, 1966, the truck being operated by the plaintiff was an automobile furnished for the regular use of ROY L. WALTHER?
'Furnished for the regular use' means a vehicle furnished for a principal use as distinguished from a casual or incidental use. The words 'regular use' mean used according to some established rule or principle; a use steady or uniform in course, practice, or occurrence (as contrasted to unexplained or irrational variation); the use in conformity with established or prescribed rules. Nevertheless, the words do not imply the man-ner or extent of use, but do imply a right to the regular use of the other automobile in the sense that there is an expressed or implied understanding with the owner of the vehicle that the plaintiff could have use of the other vehicle at such times as he desired, if available. Answer: 'We do' or 'We do not.' Answer: We do not."

2. "The error of the Court in refusing to grant Appellant's motion for judgment non obstante veredicto as the jury's findings have insufficient support in the evidence and are against the overwhelming preponderance of the evidence as a matter of fact."

Casualty Company, 169 N.W.2d 879 (Iowa Sup.1969).

■ The definition of "non-owned automobile" not only excludes from coverage vehicles "regularly used", but also those "furnished" for the insured's regular use. The words "furnished for", mean to provide for, to supply, to afford, and to provide what is necessary for. Brouillette v. Fireman's Fund Insurance Company, 163 So.2d 389 (La.Ct. of App.1964). The words, "regular use", mean a use steady or uniform in course, practice or occurrence, not subject to unexplained or irrational variation. Brouillette v. Fireman's Fund Insurance Company, supra.

■ The record clearly shows that the grain company "furnished for the regular use" of Walther a truck, either one of three, although Walther did not regularly use any particular one of the three trucks. Obviously, the frequency of his use would depend upon the amount of feed sold, but he usually made several out-of-town trips each week besides local trips.

The term "regular use" in the definition of "non-owned automobile" is not limited to one specific vehicle. It is the regular use of other automobiles which is excluded by the term, and if an employer assigns an employee a specific automobile or assigns him a number of automobiles, any one of which he may use for a particular trip, in either event the automobile is furnished "for regular use." Moore v. State Farm Mutual Automobile Ins. Co., supra, Hayes v. Fireman's Fund Insurance Company, 460 P.2d 225 (Colo.Sup.1969), Bringle v. Economy Fire & Casualty Company, supra. Kenney v. Employer's Liability Assurance Corp., 5 Ohio St.2d 131, 214 N.E.2d 219 (1966), and Brouillette v. Fireman's Fund Insurance Company, supra. See 86 A.L. R.2d 937.

Appellee relies on Johnson v. Home Indemnity Co., 401 S.W.2d 871 (Tex.Civ. App.1966, error ref. n.r.e.); Commercial Standard Insurance Co. v. Ford, 400 S.W. 2d 934 (Tex.Civ.App.1966, error ref. n.r. e.), and Neal v. U. S. Fire Insurance Co., 427 S.W.2d 676 (Tex.Civ.App.1968, no writ). While these cases involve the general questions of "regular use" in the non-owned automobile definitions in liability insurance policies, the facts therein are too dissimilar to be of assistance here.

The judgment of the trial court is reversed and rendered for appellant.

Reversed and rendered.