McCel **BENJAMIN**

v.

**PLAINS INSURANCE COMPANY.**

**Civ. A. No. S-77-58-CA.**

United States District Court,
E. D. Texas,
Sherman Division.

Nov. 24, 1980.

Bertran T. Bader, III, Bader & Cox, Dallas, Tex., for plaintiff.

Donald H. Flanary, Jr., Henderson, Bryant, Wolfe, Kyle & Flanary, Sherman, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

STEGER, District Judge.

The parties having agreed to submit this cause to the Court and the Court having considered all testimony, evidence and arguments, now enters these findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a):

## FINDINGS OF FACT

1. McCel Benjamin is a citizen of the State of Texas. Plains Insurance Company (hereinafter "Plains") is a corporation organized and existing under the laws of the State of Kansas. Plains maintains its principal place of business in Cimarron, Kansas.

2. Douglas Carl Largin was employed by Utter–Banks Ford, Inc., (hereinafter "Utter–Banks Ford") at the time of the accident as its sales manager for new and used cars. Utter–Banks Ford provided Doug Largin with a 1975 Ford station wagon to be used as a "demonstrator." Doug Largin was also permitted to drive the demonstrator to and from work. However, Utter–Banks Ford had a company policy that demonstrator automobiles were not to be utilized for personal use.

3. Doug Largin did not have actual or implied authority to allow other members of his family to drive the demonstrator. Also, the initial grant of permission from Utter–Banks Ford which authorized Doug Largin to drive the demonstrator was not broad enough to include an implied grant of authority to him to give Carla Beth Largin permission to drive the demonstrator. However, on July 18, 1975, Doug Largin did tell his daughter, Carla Beth Largin, that she could drive the demonstrator to execute a family errand.

4. On July 18, 1975, the vehicle driven by Carla Beth Largin was involved in a collision with a vehicle driven by McCel Benjamin. At the time of the collision, Carla Beth Largin was driving the 1975 Ford station wagon, the "demonstrator" referred to above. It was owned by Utter–Banks Ford and furnished to her father for his regular use. Subsequent to the accident, Doug Largin paid for the repairs to both vehicles involved in the accident.

5. On September 24, 1975, McCel Benjamin filed suit in the 59th Judicial District Court of Grayson County, Texas, seeking recovery for damages he sustained in the accident. A default judgment was entered on March 4, 1976, which stated that Benjamin recover $18,000, together with interest and costs from Carla Beth Largin.

6. Plains Insurance Company had issued an insurance policy to Douglas Largin, Number ACF371621, which was in full force and effect at the time of the accident. For issues relevant to this litigation, said policy provided:

PERSONS INSURED: The following are insured under Part 1......

(b) with respect to a non–owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the per-

mission, of the owner and is within the scope of such permission . . . . . . .

"*Non owned automobile*" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.

It is undisputed by the parties that the automobile driven by Carla Beth Largin on the occasion in question was not a temporary substitute automobile and was not owned by either Carla Beth Largin or Doug Largin. The policy was valid and in effect at the time of the accident.

7. The 1975 Ford station wagon, the demonstrator, was furnished to Doug Largin for his "regular use." He was allowed to use the vehicle to drive to and from work each day on a regular basis. He was allowed to use the car for business purposes as he desired. Doug Largin's use of the demonstrator was not an irrational variation nor was his use of the vehicle infrequent or unusual.

8. Carla Beth Largin did not have the actual or implied permission of Utter–Banks Ford to drive the "demonstrator" at the time of the accident. She did not believe nor have reason to believe that she was driving the "demonstrator" with the permission of Utter–Banks Ford.

## CONCLUSIONS OF LAW

1. Subject matter jurisdiction of this cause exists under 28 U.S.C.A. § 1332.

■ 2. The issue of burden of proof is substantive within the meaning of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Coastal Plains Feeders, Inc. v. Hartford Fire Insurance Co.*, 545 F.2d 448 (5th Cir. 1977); IA, Part 2 Moore's Federal Practice ¶ 0.314[2] (2d ed. 1980).

■ 3. Whether the Utter–Banks Ford, Inc. 1975 Ford station wagon was "furnished for the regular use of Douglas Largin" is a question of fact. *Neal v. United States Fire Insurance Company*, 427 S.W.2d 676 (Tex.Civ.App.–Corpus Christi 1968, *no*

*writ*); *Johnson v. Home Indemnity Company*, 401 S.W.2d 871 (Tex.Civ.App.–Texarkana 1966, *writ ref'd n. r. e.*) and *Commercial Standard Insurance Company v. Ford*, 400 S.W.2d 934 (Tex.Civ.App.–Amarillo 1966, *writ ref'd n. r. e.*).

■ 4. Plains plead that the vehicle was furnished for the regular use of Doug Largin. Therefore, according to Texas law, Benjamin had the burden of proving that the vehicle was not furnished for regular use. *Neal, supra.*

■ 5. The phrase "furnished for regular use" as used in context does not imply the manner of use, that is, putting the automobile to the same uses to which an insured would use his own automobile, but implies a right to the regular use of the automobile in the sense that there is an expressed or implied understanding with the owner of an automobile that the insured could have the automobile of the other at such times as he desired, if available. "The term 'furnished for regular use' does not embody the term 'for temporary use', but describes the antitheses thereof. It, therefore, expresses no thought of excluding protection on those situations where the use is but for a single occasion or single purpose." *Johnson, supra.*

■■ If a vehicle is not furnished for regular use, an "irrational variation or incidental use" is implied. *National Emblem Insurance Co. v. McClendon*, 481 S.W.2d 186 (Tex.Civ.App.–Texarkana 1972, *writ ref'd n. r. e.*). Insurance coverage for non–owned automobiles is given to protect the insured for unusual or infrequent occupancy or use of other vehicles. *International Service Insurance Co. v. Walther*, 463 S.W.2d 774 (Tex.Civ.App.–Austin 1971, *no writ*). The term "regular use" is not ambiguous. *Id.* 775.

■ 6. The insurance policy issued by Plains to Doug Largin, number ACF371621, did not provide coverage for the accident which occurred on July 18, 1975, involving McCel Benjamin and Carla Beth Largin. The Court is of the opinion that the vehicle

driven by Carla Beth Largin at the time of the accident was not a "non–owned" automobile as defined in the policy because the vehicle was furnished for the regular use of Doug Largin. Furthermore, the omnibus provision of the insurance contract did not provide coverage of the incident in question. *See Phoenix Insurance Co. v. Allstate Insurance Co.*, 412 S.W.2d 331 (Tex.Civ. App.–Corpus Christi 1967, *no writ*).

7. Plaintiff's contention that "permissive use," as used in this policy, should be tested by the subjective state of mind of the user need not be decided because this Court has found that Carla Beth Largin did not have reason to believe and did not reasonably believe that her use of the vehicle was with the permission of Utter–Banks Ford, Inc., the owner of the vehicle.

8. Any finding of fact which constitutes a conclusion of law shall be deemed a conclusion of law and any conclusion of law which is a finding of fact shall be deemed a finding of fact.

Judgment shall be entered accordingly.