BEVERLY, ADMINISTRATOR, APPELLEE, *v.* MIDWESTERN INDEMNITY COMPANY; MID-AMERICAN FIRE AND CASUALTY COMPANY, APPELLANT; TRAVELERS INSURANCE COMPANY, APPELLEE.

(No. 89-CA-18—Decided
December 27, 1989.)

*Kenneth J. Spicer,* for plaintiff-appellee.

*Dennis, Zapka, Isaac, Brant, Ledman & Becker* and *Donald L. Anspaugh,* for appellant.

SMART, J. This is an appeal from a declaratory judgment of the Court of Common Pleas of Delaware County, Ohio, that determined that insurance coverage was available to plaintiff-appellee, Arnold Beverly, Administrator of the Estate of Timothy R. Beverly ("administrator"), from defendant-appellant, Mid-American Fire and Casualty Company ("Mid-American"), but not from defendant-appellee, Travelers Insurance Company ("Travelers"). The issue was tried to a jury.

The administrator had sought a declaration that both Mid-American and Travelers provide insurance coverage as to a traffic accident resulting in the death of plaintiff's decedent, his son Timothy Beverly. The administrator alleged coverage by Travelers because of the liability policy issued to the stepfather and mother of the tortfeasor, and as to Mid-American with respect to an underinsured coverage clause in a policy issued to the administrator. The parties stipulated to coverage under the Mid-American policy.

Travelers maintained that no coverage was available under its policy because the tortfeasor was operating a vehicle that was excluded under the policy. That policy provided coverage for the tortfeasor if he was operating a "non-owned car," defined in a Travelers policy as:

"* * * a land motor vehicle with at least four wheels designed to be used mainly on public roads, or a trailer. However, it must not be owned by or furnished or available for the regular use of you or a relative. It does not include a substitute car."

At the time of the accident, the tortfeasor was driving a pickup truck owned by his father. The tortfeasor was a sixteen-year-old boy who lived with his mother and stepfather in the state of Delaware, but who spent the summer months with his father in Ohio. During this summer, his stepfather was hospitalized in Columbus, Ohio, and his mother was staying with a friend who happened to live next door to the father.

Mid-American assigned three errors to the trial court:

### Assignment of Error No. I

"The trial court's judgment of February 21, 1989 is contrary to law."

### Assignment of Error No. II

"The trial court erred as a matter of law by failing to instruct the jury in accordance with proposed jury instructions Nos. 1, 2, 3, 4, and 6 submitted by defendant-appellant, Mid-American Fire & Casualty Company."

### Assignment of Error No. III

"The trial court erred as a matter of law by overruling the motion of defendant-appellant, Mid-American Fire & Casualty Company, for judgment notwithstanding the verdict, or, alternatively, for a new trial, per the trial court's journal entry of April 14, 1989."

I

Mid-American urges that the subject language in this policy has been

found to be ambiguous in the case of *Ohio Cas. Ins. Co.* v. *Travelers Indemn. Co.* (1975), 42 Ohio St. 2d 94, 71 O.O. 2d 69, 326 N.E. 2d 263. That case arose as a declaratory judgment construing a garage insurance policy. The Supreme Court compared and contrasted the purpose of a non-owned vehicle clause in a garage policy with the purpose of the same clause in a family policy. The Supreme Court found that a garage insurance policy is unlike a family policy, and found that the garage insurance policy is ambiguous. The instant case is distinguishable, as the clause in question is contained within a family policy.

Mid-American argues that if the language is ambiguous, then it must be construed against the insurance company and in favor of the insured. *Faruque* v. *Providence Life & Acc. Ins. Co.* (1987), 31 Ohio St. 3d 34, 31 OBR 83, 508 N.E. 2d 949. We find, however, that the words "regular use" are unambiguous and are to be given their ordinary meaning. See *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241, 7 O.O. 3d 403, 374 N.E. 2d 146, paragraph two of the syllabus.

The jury found from the evidence presented before it that the vehicle involved in the accident was furnished for the regular use of the tortfeasor during the time in question. The verdict is not contrary to law.

The first assignment of error is overruled.

## II

The five contested jury instructions all are predicated upon the assumption that the non-owned vehicle language in the policy is ambiguous. Because we find the language is not ambiguous, see Part I, *supra,* we find that it was not error for the trial court to refuse to give the requested instructions. The instructions actually given to the jury were correct and appropriate statements of Ohio law.

The second assignment of error is overruled.

## III

After trial, Mid-American moved the trial court for judgment notwithstanding the verdict or in the alternative for a new trial. These motions were based upon Mid-American's assertion that *Ohio Cas. Ins. Co.* v. *Travelers Indemn. Co., supra,* had held that the contract language in question was ambiguous as a matter of law. Because we find this assertion is incorrect, the judgment was not contrary to law, and the trial court did not err in overruling the motions.

The third assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and GWIN, J., concur.