631 A.2d 671

**CRUM AND FORSTER PERSONAL INSURANCE COMPANY**

v.

**TRAVELERS CORPORATION and Eugene McDonald and Trudy McDonald, h/w, and Phillip Ellis.**

**Appeal of Eugene McDONALD and Trudy McDonald, h/w.**

Superior Court of Pennsylvania.

Argued April 27, 1993.

Filed Sept. 29, 1993.

558

---

Thomas J. Mettee, Philadelphia, for appellants.

L. Rostaing Tharaud, Philadelphia, for Crum and Forster, appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

In this declaratory judgment action to determine an issue of coverage, we are asked to interpret a policy provision which excludes coverage for a vehicle, other than the covered auto, which is "furnished or available for the regular use of any family member" of the named insured.

Eugene McDonald was seriously injured as a result of a collision between the vehicle which he was operating and a vehicle operated by Phillip Ellis. The vehicle being operated by Ellis was owned by his grandparents, Arlie and Dora Robson; it was insured under a policy issued by Travelers

Corporation. At the time of the accident, Ellis was using the car to pick up his girlfriend's children.

McDonald and his wife, Trudy, filed an action against Ellis,[1] and gave notice to Crum and Forster Personal Insurance Company (Crum and Forster), which insured a vehicle owned by Ellis's mother, Viola, that they were looking to Crum and Forster for excess coverage. Ellis lived with his mother but spent most of his days taking care of his grandfather, who was disabled, and his grandmother, who was deaf. In response to a request for admissions, he admitted that during the four years preceding the accident he had operated his grandparents' car approximately five times a week.

The policy issued by Crum and Forster to Ellis's mother provided coverage to the insured and members of her family while operating the insured vehicle or another vehicle, but subject to the following exclusion:

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

. . . .

2. Any vehicle, other than **your covered auto,** which is:

a. owned by you; or

b. furnished or available for your regular use.

3. Any vehicle, other than **your covered auto,** which is:

a. owned by any **family member;** or

b. furnished or available for the regular use of any **family member.**

On the basis of this clause and information that Ellis had regularly operated his grandparents' vehicle, Crum and Forster commenced the present action seeking a declaratory judgment that the policy, which had been issued on the vehicle of Ellis's mother, did not provide coverage for the accident which had occurred while Ellis was driving his grandparents' car. The trial court, on motion, entered summary judgment in

---

1. We are advised that this action was settled by Travelers for policy limits of one hundred thousand ($100,000.00) dollars.

favor of Crum and Forster. The McDonalds appealed.[2] After careful review, we affirm.

The purpose of the pertinent policy language was to provide coverage to the insured or members of her family while engaged in casual or infrequent use of a vehicle other than the one described in the policy, but not to cover the insured or members of her family with respect to another vehicle which he or she used or had the opportunity to use frequently. The policy language thus prevents the situation in which members of one household may have two vehicles which they can use interchangeably while insuring only one of them. *Volpe v. Prudential Property & Casualty Ins. Co.,* 802 F.2d 1, 3 (1st Cir.1986); *Aler v. Travelers Indemnity Co.,* 92 F.Supp. 620, 623 (D.Md.1950); *Coombs v. Lumbermen's Mut. Cas. Co.,* 23 Ariz.App. 207, 531 P.2d 1145 (1975). As Judge Ditter said in *Johnson v. Braunsberg,* 51 Pa.D. & C.2d 659 (1970):

> The clause in question represents an attempt on the part of the insurance company to strike a balance between the desire of the insured to be covered, even though not using his own car, and its own right to receive payment of premiums based upon the risk presented by the number of automobiles operated. It is generally held that such a clause covers the insured during infrequent or casual use of a nonowned automobile, but excludes coverage as to another's automobile which the policyholder frequently uses or has the opportunity to use: *American Casualty Co. v. Lattanzio,* 78 N.J.Super.Ct. 404, 188 A.2d 637 (1963); Annotation, 173 A.L.R. 901, 86 A.L.R.2d 937.

*Id.* at 661. See also: *Kieffer v. Nationwide Mut. Ins. Company,* 7 Pa.D. & C.3d 293, 298 (1978). Or, as the Court said in *Highlands Ins. Co. v. Universal Underwriters Ins. Co.,* 92 Cal.App.3d 171, 176, 154 Cal.Rptr. 683, 687 (1979), the exclusion prevents "abuse by precluding the insured and his family from regularly driving two or more cars for the price of one policy." See also: *Jenkins v. Aetna Casualty & Surety Co.,* 324 N.C. 394, 378 S.E.2d 773 (1989).

**2.** Neither Ellis nor Travelers joined the appeal or filed a brief.

■ The exclusionary language is not ambiguous, *Federal Kemper Ins. Co. v. Ward,* 679 F.Supp. 489 (E.D.Pa.1988), *aff'd,* 860 F.2d 1074 (3d Cir.1988), and must be given its ordinary meaning. *Beverly v. Midwestern Indemnity Co.,* 60 Ohio App.3d 139, 141, 573 N.E.2d 1221, 1222 (1989). "The words 'regular use' suggest a principal use as distinguished from a casual or incidental use, and such a regular use is not covered." 6C Appleman, Insurance Law and Practice, § 4455, p. 558. See: *Allstate Ins. Co. v. Humphrey,* 246 Md. 492, 497–498, 229 A.2d 70, 73 (1967). "Regular use" means "habitual use" as opposed to occasional or incidental use. *Kenilworth Ins. Co. v. Cole,* 587 S.W.2d 93 (Mo.App.1979).

■ Under the language in the instant policy, it is not only "regular use" which is determinative of the applicability of the exclusion. The vehicle must be "furnished or available" for regular use by the family member. This implies an understanding with the owner of the vehicle that the family member of the named insured could use the automobile of the other person at such times as he or she desired, if available. *Benjamin v. Plains Ins. Co.,* 500 F.Supp. 919 (D.C.Tex.1980), *aff'd,* 650 F.2d 98 (5th Cir.1981). See also: 6C Appleman, Insurance Law and Practice, § 4455, pp. 563–564. Such an understanding may be shown by direct or circumstantial evidence.

■ Although it is not the use of ambiguous language which causes court's to disagree about the meaning of the exclusionary language, "[c]ourts struggle with its application because each case must be decided on its own facts and circumstances and therefore, its application is a struggle. Its meaning is not." *Central Security Mutual Ins. Co. v. DePinto,* 9 Kan. App.2d 85, 87, 673 P.2d 122, 124 (1983), *aff'd,* 235 Kan. 331, 681 P.2d 15 (1984). See also: *State Farm Mutual Auto. Ins. Co. v. Differding,* 69 Ill.2d 103, 12 Ill.Dec. 739, 370 N.E.2d 543 (1977). "Whether a vehicle is covered, or whether it is excluded under a provision denying coverage where such vehicle is furnished for the insured's (or family member's) regular use, normally becomes a jury question." 6C Apple-

man, Insurance Law and Practice, § 4455, p. 565. Where the facts are not in dispute, however, and reasonable minds cannot differ regarding the result, the issue of coverage can be decided as a matter of law by the court.

■ This is such a case. Here, the family member of the insured formally admitted that he had driven the car owned by his grandparents on an average of five times per week for and during the entire four years preceding the accident. Because his grandfather had been disabled, his grandmother was deaf, and both required regular care, the grandson provided care for them on an almost daily basis. He also used his grandparents' car on a regular basis. When he did so, insurance coverage was provided by Travelers, which insured the grandparents' vehicle. He was excluded, however, from the coverage provided by Crum and Forster on the vehicle owned by Ellis's mother, with whom he resided, because his grandparents' vehicle was furnished and available to him for regular use. For him to be covered under his mother's policy while regularly driving his grandparents' car required the payment of an additional premium.

Although a similar issue has not previously been before the appellate courts of this state, our holding is consistent with several trial court decisions. In *Kieffer v. Nationwide Mut. Ins. Co., supra,* the court found that coverage was excluded for an insured while she was operating her daughter's car, which, together with the daughter's keys and registration card, had been made available to members of the family, with whom the daughter resided, for use whenever they pleased. And in *Federal Kemper Ins. Co. v. Ward, supra,* the federal court for the Eastern District of Pennsylvania determined that coverage was excluded for an insured while using his fiancee's truck. In that case, the insured had contributed to the purchase price of the vehicle, had his own set of keys, had access to the vehicle whenever he pleased, and used the vehicle regularly to go to work, to take his fiancee to work and

for personal errands.[3] In these cases, as here, the non-insured vehicle was furnished or available on a regular basis to a member of the insured's family or one maintaining a special relationship to the insured.

The order entering summary judgment is affirmed.

**3.** Compare: *Johnson v. Braunsberg, supra,* where the trial court declined to apply a "regular use" exclusion to a situation in which the insured's brother, a serviceman, had left his vehicle with the insured to sell, but where there was no evidence to indicate the frequency or regularity of the insured's use of the vehicle.