**Lamont DIXON, Appellant**

v.

**GEICO, Appellee.**

Superior Court of Pennsylvania.

Submitted June 9, 2010.

Filed July 29, 2010.

Scott B. Cooper, Harrisburg and John C. Capek, Philadelphia, for appellant.

Platte B. Moring, III, Center Valley, for appellee.

BEFORE: BENDER, OTT and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Lamont Dixon, appeals from the order granting summary judgment in favor of Appellee, GEICO, on his claim for underinsured motorist (UIM) benefits. The trial court concluded that the facts were not in dispute, and the issue of coverage could be decided as a matter of law. We vacate and remand.

¶ 2 Appellant worked in Philadelphia for the United States Postal Service (USPS) at a vehicle repair and maintenance facility as a garage man. ([Appellant's] Answer to [Appellee's] Motion for Summary Judgment, Exh. F, G). His duties were varied, including washing vehicles, replacing fluids or lights, operation of a tow truck, snow removal and transporting vehicles from one location to another. (*Id.*); (*see also* Trial Court Memorandum in Support of Order Granting [Appellee's] Motion for Summary Judgment, 9/28/09, at 1, citing Appellant's Memorandum.).

¶ 3 On December 6, 2007, en route to drop off a mail delivery vehicle in West Philadelphia,[1] Appellant was driving southbound on Roosevelt Boulevard. He suffered substantial injuries when Iona Naroditsky allegedly made an illegal left turn on to Roosevelt Boulevard, at or near Robinson Street, *i.e.*, northbound into his southbound lane of travel.[2]

¶ 4 After Naroditsky's insurer, State Farm, paid policy limits of $15,000, substantially less than Appellant's claimed losses, Appellant made a UIM claim against Appellee under his personal auto insurance policy.[3] Appellee rejected his

1. There is an incidental disagreement of fact between the parties on the purpose of Appellant's trip. Briefly, Appellant denies that he was taking the vehicle in question to a contractor for repairs; rather he was delivering it back. (*See* [Appellee's] Request for Admissions ¶ 15; [Appellant's] Response to [Appellee's] Request for Admissions ¶ 15).

2. Court records identify Appellant's claim as in excess of $50,000. Appellee complains that, "[i]n a transparent attempt to elicit sympathy from this Court," Appellant referred to his monetary damages, even though he failed to have the amount of his claims included in the certified record or to provide support for the same claims, made in his opposition to the motion for summary judgment. (Appellee's Brief, at 2). Appellant's claimed damages include $79,542.32 in out-of-pocket expenses and loss of future earning capacity estimated by his vocational expert at between $324,000 and $684,000. (*See* Appellant's Brief, at 5).

3. The parties assumed that USPS is exempt from any requirement under Pennsylvania law with respect to providing UIM coverage,

claim under the "regular use" exclusion in the policy.

¶ 5 The policy exclusion at issue reads in full as follows: "When using a motor vehicle furnished for the **regular use** of you, your spouse, or a relative who resides in your household, which is not insured under this policy." (*See* Exhibit to Appellant's Complaint, GEICO auto insurance policy, Section IV Uninsured and Underinsured Motorists Coverage, Exclusion 9, as amended) (emphasis added; original emphasis removed); (*see also* Trial Court Memorandum, at 3).

¶ 6 Appellant brought suit. The trial court granted Appellee's motion for summary judgment. (Order, 9/28/09). Appellant filed a motion for reconsideration on October 19, 2009.[4] Before the trial court decided the motion for reconsideration, Appellant filed a timely notice of appeal.[5]

 ¶ 7 Appellant asserts three errors in his questions on appeal, (*see* Appellant's Brief, at 4), paraphrased here for clarity and brevity: First, he asserts the regular use exclusion conflicts with the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. §§ 1701–1787. Secondly, he maintains the vehicle in question was not a regularly used vehicle. Thirdly, he contends the regular use exclusion violates public policy.

 ¶ 8 Our standard of review for the grant of summary judgment is well settled.

A reviewing court may disturb the [entry of summary judgment] only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof [ . . . ] establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Whether a claim for insurance benefits is covered by a policy is a matter of law which may be decided on a summary judgment motion.

and in any event there is no dispute that USPS did not carry UIM coverage on the vehicle at issue.

4. Appellee contends that since the motion was filed outside the 10 day period provided by local rule, any new arguments raised in it are waived. (*See* Appellee's Brief, at 4, 9). However, it is doubtful that a motion for reconsideration of a grant of summary judgment is valid at all. *See Johnson v. Harris*, 419 Pa.Super. 541, 615 A.2d 771, 778 (1992) (citations omitted) ("[Appellant] has not pointed us to

any provisions for a 'Motion for Reconsideration' in our Rules of Civil Procedure applicable to Orders Granting or Denying Motions for Summary Judgment. Such a motion would appear not to exist, as an order rendering summary judgment is final and immediately appealable.").

5. After the notice of appeal, the trial court dismissed the motion for reconsideration as moot.

*Nordi v. Keystone Health Plan West Inc.,* 989 A.2d 376, 379–80 (Pa.Super.2010) (citations omitted).

¶ 9 This Court has consistently recognized that:

"[A] proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense[.]" Under [Civil] Rule 1035.2(2), "if a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." Correspondingly, "[t]he non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party." Thus, a plaintiff's failure to adduce evidence to substantiate any element of his cause of action entitles the defendant to summary judgment as a matter of law.

*Bishops, Inc. v. Penn Nat. Ins.,* 984 A.2d 982, 989 n. 3 (Pa.Super.2009) (citation omitted).

¶ 10 Here, Appellee maintains that all arguments are waived because Appellant failed to raise "any" of the issues in the trial court. (Appellee's Brief, at 5) (emphasis in original). This is untrue. Appellant plainly raised the second question, the existence of a fact issue, namely whether he was operating a vehicle furnished for his regular use, in the trial court. (*See* Reply of [Appellant] to Motion for Summary Judgment of [Appellee], ¶¶ A.–D.).

¶ 11 However, it is not equally evident that Appellant properly raised and preserved his first and third issues, conflict of regular use exclusion with MVFRL and public policy respectively. Further, Appellant has failed to comply with Pa.R.A.P. 2117(c) and Pa.R.A.P. 2119(e) (statement of place of raising or preservation of issues). Accordingly, Appellant's first and third issues are waived.

¶ 12 Even if not waived, these two issues would not merit relief under current controlling law. Contrary to Appellant's argument, our Supreme Court has concluded that the regular use exclusion does not violate public policy and is not in conflict with MVFRL. *See Burstein v. Prudential Property and Cas. Ins. Co.,* 570 Pa. 177, 809 A.2d 204, 208 (2002) (holding regular use exclusion applied to vehicle provided to wife by employer both for business and personal use, as benefit of employment, even though non-employee husband only drove vehicle occasionally).

■■■ ¶ 13 We observe, and Appellant reminds us, that our Supreme Court has recently granted allowance of appeal in a similar case involving underinsured motorist coverage.[6] (*See* Appellant's Brief, at 16). This Court is of course bound by existing precedent under the doctrine of

---

**6.** Our Supreme Court announced the grant of appeal as follows:

**AND NOW,** this 18th day of November, 2009, the Petition for Allowance of Appeal is **GRANTED.** The issue, rephrased for clarity, is:

Whether, under the MVFRL and our decision in *Burstein v. Prudential Property & Cas. Ins. Co.,* 570 Pa. 177, 809 A.2d 204 (2002), the "regular-use" exclusion to un-

derinsured motorist coverage in an automobile insurance policy is valid where the insured is a police officer, who has sustained bodily injury in the course of performing his duties while driving a police vehicle, for which vehicle he could not have obtained underinsured motorist coverage.

*Williams v. Geico Government Employees Ins. Co.,* 986 A.2d 45 (Pa.2009).

*stare decisis. See, e.g., Ario v. Reliance Ins. Co.,* 602 Pa. 490, 980 A.2d 588, 597 (2009). Therefore, while the allowance of appeal raises a question of the future viability of one of the key precedential cases on this issue, we continue to review the appeal before us in accordance with currently controlling precedent. *See Marks v. Nationwide Ins. Co.,* 762 A.2d 1098, 1101 (Pa.Super.2000) (this Court continues to follow controlling precedent as long as decision has not been overturned by our Supreme Court).

■ ¶ 14 The controlling issue, and the only properly preserved question in this appeal, is whether there was a material issue of fact that the regular use exclusion in Appellant's personal auto policy applies in this case. Appellant claims that there is a material issue of fact. The trial court concluded there was no dispute as to a material issue of fact, and therefore it could decide as a matter of law that GEICO properly denied coverage under the exclusion. We disagree.

¶ 15 In consideration of this second question, we are mindful of the following principles:

> In Pennsylvania, the test for "regular use" is whether the use is "regular" or "habitual." [*Crum & Forster Personal Ins. Co. v. Travelers Corp.,* 428 Pa.Super. 557, 631 A.2d 671, 673 (1993).] Federal courts have held that an employee "regularly uses" a fleet vehicle if he regularly or habitually has access to vehicles in that fleet. Regular use of any **particular** vehicle is not required. *See e.g.,* [*Calhoun v. Prudential General Ins. Co.,* 2005 WL 1154599, at *3 (M.D.Pa.2005).] We find this analysis persuasive and hereby adopt it.

*Brink v. Erie Ins. Group,* 940 A.2d 528, 535 (Pa.Super.2008) (emphasis in original) (finding use was "regular" under exclusion even though fleet vehicle assigned to police

officer to perform duties of his job was not always particular vehicle in which accident occurred). *See also Nationwide Assur. Co. v. Easley,* 960 A.2d 843, 848 (Pa.Super.2008), (regular use exclusion applied where Appellant cabbie leased vehicle on *per diem* basis, selecting vehicle from cab company's fleet, and was injured in cab during commute home), *appeal denied,* 602 Pa. 668, 980 A.2d 609 (2009).

¶ 16 We further note,

> The exclusionary language is not ambiguous, and must be given its ordinary meaning. The words '**regular use**' suggest a **principal use as distinguished from a casual or incidental use,** and such a regular use is not covered. "Regular use" means "habitual use" as opposed to occasional or incidental use.

> Under the language in the instant policy, it is not only "regular use" which is determinative of the applicability of the exclusion. The vehicle must be "furnished or available" for regular use [ ]. This implies an understanding with the owner of the vehicle that the [ ] insured could use the automobile of the other person at such times as he or she desired, if available. Such an understanding may be shown by direct or circumstantial evidence.

> Although it is not the use of ambiguous language which causes court's to disagree about the meaning of the exclusionary language, [c]ourts struggle with its application because **each case must be decided on its own facts and circumstances** and therefore, its application is a struggle. Its meaning is not. Whether a vehicle is covered, or whether it is excluded under a provision denying coverage where such vehicle is furnished for the insured's (or family member's) regular use, normally becomes a jury question. Where the facts are not in dispute, however, and reasonable minds

cannot differ regarding the result, the issue of coverage can be decided as a matter of law by the court.

*Crum & Forster, supra* at 673 (citations and some internal quotation marks omitted; emphases added).

¶ 17 Here, we conclude from our review of the record that Appellant raised a material issue of fact as to whether his operation of the specific vehicle in question was "regular use" within the meaning of the policy exclusion. Under our standard of review, we review the record in the light most favorable to Appellant as the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against Appellee as the moving party. *See Nordi, supra.*

¶ 18 Applying that standard, we find that Appellant presented evidence that his ferrying of the vehicle in question was not "a principal use," as distinguished from a casual or incidental use. *See Crum & Forster, supra.* This evidence would have been at least sufficient to raise a jury question of whether his use of the vehicle he was driving was "regular" or "habitual." *Id.* The trial court erred in not resolving any doubts as to the existence of a material issue of fact against Appellee as the moving party. *See Nordi, supra.*

¶ 19 As previously noted, "each case must be decided on its own facts and circumstances and therefore, its application is a struggle." *Crum & Forster, supra* (emphasis added). In the present matter, the facts of the case do not readily match any controlling case law such that the outcome is a foregone conclusion. Notably, this is not a case where Appellant was furnished a vehicle for business or personal use. Nor is it a case where Appellant was regu-

larly assigned a vehicle for business, or a combination of business and personal use. He was not furnished a vehicle from a fleet, either for personal use as a benefit of employment, for commuting back and forth to work, or for the performance of his other job duties, such as police patrol or driving a taxicab.[7]

■ ¶ 20 As also previously noted, "[w]hether a vehicle is covered, or whether it is excluded under a provision denying coverage where such vehicle is furnished for the insured's (or family member's) regular use, normally becomes a jury question." *Id.* The issue of coverage can be decided as a matter of law by the court only where the facts are not in dispute, and "reasonable minds cannot differ regarding the result." *Id.*

¶ 21 In this case, Appellant presented evidence that the vehicle in question was not furnished to him for his regular use. He had a variety of job duties, many if not most of which did not involve any use of a vehicle. He did not have regular or recurring access to this vehicle, or any vehicle from a fleet. In fact, the vehicle in question was not provided for his use at all. He was merely returning it somewhere else. His one time ferrying of the mail delivery vehicle in question, after repair, was merely a transport of the restored vehicle back to its primary location in West Philadelphia where someone else would put it to regular use, delivering mail.

■ ¶ 22 Neither the trial court nor Appellee offers any case authority in which the regular use exclusion was held applicable to a driver making incidental use of a vehicle not otherwise regularly provided to him or her.[8] Appellant presented more

---

7. *See, e.g., Brink, supra* (police officer used vehicle from fleet); *see also Easley, supra* (cabbie leased vehicle on *per diem* basis from cab company's fleet).

8. Appellee offers one unreported federal case, involving another postal worker, which grant-

than sufficient evidence to raise a jury issue whether, in the totality of circumstances, such "use" of a vehicle was merely occasional and incidental rather than regular or habitual.

¶ 23 In effect, the trial court disregarded the well-settled principle that "[t]he exclusionary language is not ambiguous, and must be given its ordinary meaning." *Crum & Forster, supra.* " 'Regular use' means 'habitual use' as opposed to occasional or incidental use." *Id.* "The vehicle must be 'furnished or available' for regular use [ ]. This implies an understanding with the owner of the vehicle that the [ ] insured could use the automobile of the other person at such times as he or she desired, if available." *Id.* The trial court here erred in assuming that reasonable minds could not differ about whether the use in this case was or was not "regular use."

¶ 24 Viewed in the light most favorable to Appellant as the non-moving party, he presented sufficient evidence to raise a jury question whether or not the vehicle at issue was "furnished" or "available" to him for "regular use" within the plain meaning of the policy exclusion or the applicable decisional law. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *See Nordi, supra.* The trial court erred in finding there was no material

issue of fact. The existence of a material issue of fact precluded its grant of summary judgment.

¶ 25 Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

¶ 26 OTT, J. files a Concurring Opinion.

CONCURRING OPINION BY OTT, J.:

¶ 1 While I concur with the Majority decision, I write separately to emphasize what I believe is the most salient problem with this matter.

¶ 2 It is undisputed in this matter that Dixon's job entails his driving vehicles of the post office fleet and that he is not driving any specific or particular vehicle. Therefore, to the extent the interpretation of the exclusion rests on the fact that Dixon operates vehicles from a fleet of cars, *Nationwide v. Easley,* 960 A.2d 843 (Pa.Super.2008), and *Brink v. Erie,* 940 A.2d 528 (Pa.Super.2008), tell us the exclusion applies.[9]

¶ 3 What is at issue is how often Dixon drives those vehicles and whether the frequency of his driving the vehicles qualifies as regular use. The record before us is singularly lacking in that information. Geico submitted a request for admissions to Dixon. Number 16 stated: "At the

---

ed summary judgment in favor of the insurer based on a regular use exclusion, *Allstate Ins. Co. v. McGovern,* 2008 WL 2120722, at *1 (E.D.Pa.2008). (*See* Appellee's Brief, at 13). We note this Court is not bound by reported federal decisions (other than those of the United States Supreme Court), let alone unreported cases. *See Chiropractic Nutritional Associates, Inc. v. Empire Blue Cross & Blue Shield,* 447 Pa.Super. 436, 669 A.2d 975, 979–80 (1995). Even so, it is apparent from the facts in that case that the parties did not

dispute that the appellant "regularly drove postal vehicles during the day," and the decision uniformly refers to "his postal vehicle." *Allstate, supra.*

9. *Easley* involves driving cars in a taxi fleet and *Brink* involves a fleet of police cars. Another case, *Williams v. Geico,* 968 A.2d 804 (Pa.Super.2008) (table), also agrees that the exception applies to fleet (police) vehicles. Our Supreme Court has accepted *Williams* for review. *See Williams v. Geico,* 986 A.2d 45 (Pa.2009).

time of the ACCIDENT, plaintiff regularly used vehicles owned by the United States Postal Service to perform his job duties." *See* Request for Admissions, Interrogatories, Request for Production of Documents, July 13, 2009. This admission was denied. *See* Response to Request for Admissions, July 23, 2009. Also included in the record are two pages of Dixon's deposition, neither of which explain how often Dixon is required to operate any of the post office fleet vehicles.

¶ 4 In his memorandum of law against summary judgment, Dixon specifically raises the issue of the frequency of his use of the vehicles: "Operating a postal vehicle, such as the one involved in this accident, was not a regular or routine part of plaintiff's job." *See* Plaintiff's Memorandum of Law Contra Defendant's Motion for Summary Judgment, at 2, Sept. 2, 2009.

¶ 5 Whether Dixon's job required him to regularly use post office fleet vehicles is a material fact that needs to be determined. However, this central issue is not resolved in the record and was not addressed by the trial court.

¶ 6 Because summary judgment is not appropriate when genuine issue of material facts are unresolved, summary judgment in favor of Geico was inappropriate.