Patrick ROTHER and Daryl
Rother, Appellees

v.

ERIE INSURANCE EXCHANGE,
Appellant.

No. 1770 MDA 2011.

Superior Court of Pennsylvania.

Argued July 10, 2012.
Filed Oct. 18, 2012.

Michael A. Cognetti, Philadelphia, for appellant.

James V. Pyra, III, Kingston, for appellee.

BEFORE: BOWES, OTT, and STRASSBURGER,* JJ.

OPINION BY BOWES, J.:

Erie Insurance Exchange ("Erie") appeals from the grant of summary judgment in favor of Patrick and Daryl Rother ("Mother") in this declaratory judgment action involving the applicability of the regularly used, non-owned vehicle exclusion in Mother's personal vehicle policy. After careful review, we reverse the grant of summary judgment in favor of the Roth-

* Retired Senior Judge assigned to the Superior Court.

ers and remand for the entry of summary judgment in favor of Erie.

Patrick Rother was severely injured in a motor vehicle accident on March 3, 2007, while he was driving his father's vehicle. At the time of the accident, Patrick was residing with his mother, Daryl Rother. He had recently acquired a job that was located ten miles from his mother's home and he did not own a car. His father permitted him to use one of his vehicles, a 1990 Nissan, to commute to work and for emergencies only. Patrick had been using the vehicle for those purposes for two weeks when he was involved in an accident with an intoxicated driver and was severely injured.

After recovering the liability benefits under the other driver's policy, Patrick and Mother commenced this action seeking a declaration that Erie was obligated to provide underinsured motorist coverage under Mother's policy. Erie maintained that the coverage was excluded by the regular use exclusion contained in the policy. Erie filed first a motion for judgment on the pleadings, and then a motion for summary judgment, both of which were denied. The Rothers filed a motion for summary judgment, which the trial court granted on September 26, 2011, finding the regular use exclusion inapplicable on the facts herein. Erie filed the within appeal on October 11, 2011, and presents the following question for our review:

I. Did the trial court err in determining that the regularly used, non-owned vehicle exclusion in a personal auto policy was not applicable to the claims of the plaintiff, Patrick Rother, for recovery of underinsured motorist benefits where his injuries arise out of the operation of a vehicle: (1) not owned by him or any resident relatives; and (2) used reg-

ularly by him to travel back and forth to work?

Erie's brief at 4.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof [ ... ] establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Whether a claim for insurance benefits is covered by a policy is a matter of law which may be decided on a summary judgment motion.

*Nordi v. Keystone Health Plan West Inc.*, 2010 PA Super 11, 989 A.2d 376, 379–80 (Pa.Super.2010) (citations omitted).

*Dixon v. GEICO*, 1 A.3d 921, 924–925 (Pa.Super.2010). We may disturb the entry of summary judgment only where it is established that the court committed an error of law or abuse of discretion.

The policy provision at issue provides:

What We Do Not Cover—Exclusions

This insurance does not apply to:

. . . .

10. bodily injury to **you** or a **resident** using a non-owned **motor vehi-**

**cle** or a non-owned **miscellaneous vehicle** which is regularly used by **you** or a **resident** but not insured for Uninsured or Underinsured Motorist Coverage under this policy.

. . . .

AFPU01 (Ed. 7/06).

It is undisputed that Patrick was driving his father's 1990 Nissan, a vehicle not owned by Mother and not insured for UM or UIM coverage under her Erie policy, and that Patrick was a resident of Mother's household at the time of the accident. His father permitted him to use his car to commute to work and for emergencies. Patrick started a new job just two weeks before the accident and had worked a total of seven days. He used his father's vehicle for transportation to and from work on each of those days. On five of those days, he retrieved the car at his father's home in the morning and returned it after work. On two occasions he drove the Nissan to the home he shared with his mother. On one of the latter occasions, he received a call late in the evening from a friend who required a ride, and it was while Patrick was proceeding to retrieve his friend that the accident occurred. Patrick viewed this as an emergency. The only issue is whether, on the undisputed facts herein, Patrick regularly used the 1990 vehicle.

■ Several principles guide our review. Generally, exclusions from coverage are to be narrowly construed. *Eichelberger v. Warner*, 290 Pa.Super. 269, 434 A.2d 747 (1981). The regular use exclusion has been held enforceable and not void as against public policy, *Williams v. GEICO*, 613 Pa. 113, 32 A.3d 1195 (2011), and the Rothers did not challenge the exclusion on this basis. The term "regular use" has been held to be unambiguous, *Crum & Forster Personal Ins. Co. v. Travelers Corp.*, 428 Pa.Super. 557, 631 A.2d 671, 673 (1993), and where the language of the "regular use" exclusion is clear and unambiguous, the reasonable expectations of a party are not controlling. *Brink v. Erie Ins. Group*, 940 A.2d 528, 536 (Pa.Super.2008) (following *Donegal Mutual Insurance Company v. Baumhammers*, 893 A.2d 797, 819 (Pa.Super.2006) *(en banc))*.

■ In Pennsylvania, the test for "regular use" is whether the use is "regular" or "habitual." *Crum, supra* at 673. We held in *Crum* that "[t]he words 'regular use' suggest a principal use as distinguished from a casual or incidental use[.]" *Id.* As we recognized in *Crum*, "courts struggle" with application of the regular use exclusion "because each case must be decided on its own facts and circumstances[.]" *Id.* Therein, grandson drove a car owned by his grandparents "an average of five times per week for and during the entire four years preceding the accident." *Id.* at 674. This Court observed that while usually coverage issues are jury questions, "where the facts are not in dispute ... and reasonable minds cannot differ regarding the result, the issue of coverage can be decided as a matter of law by the court." *Id.* at 673–74.

Herein, the parties had concluded discovery and stipulated to many of the facts. Both parties filed motions for summary judgment, alleging that there were no genuine issues of material fact. Hence, coverage was a question of law for the court, and as with all questions of law, our scope of review is plenary and our standard of review is *de novo*. *Dixon, supra* at 924.

■ Erie contends that the trial court erred in refusing to apply the regular use exception on the facts herein. Patrick's use of his father's vehicle to go to and from work constituted regular use of the vehicle and the fact that his use was of short duration prior to the accident was irrelevant, according to Erie. Erie points

to *Prudential Property & Casualty Insurance Company v. Armstrong*, 2004 WL 603416 (E.D.Pa.2004), where the exclusion was applied to defeat UIM coverage to a Park Commission employee who was injured while he was a passenger in his employer's vehicle for the first time. That court, applying Pennsylvania law, was persuaded that, since employee's job duties included riding in or operating Park Commission vehicles on a regular basis, his use was regular. The specific exclusion at issue therein applied to bodily injury caused by anyone using a non-owned motor vehicle that was "furnished or made available for the regular use by you or a household resident." *Id.* at *2. The court defined "regular" pursuant to its ordinary meaning as "usual, normal or customary."

In *Nationwide Mut. Ins. Co. v. Shoemaker*, 965 F.Supp. 700 (E.D.Pa.1997), a grandson's use of his grandmother's vehicle for three weeks prior to the accident constituted regular use for purposes of the exclusion. There, as here, in the context of an informal agreement between relatives, use was determined to be "habitual rather than incidental or casual."

Patrick counters that the facts herein establish that his use of his father's 1990 Nissan was "incidental, infrequent and irregular" and "significantly restricted" by his father. Appellees' brief at 7. He suggests that the facts herein are distinguishable from the employer-owned or fleet vehicle situation. Furthermore, the vehicle was "on a short leash;" he was only permitted to use it for commuting to work and emergencies. Given these restrictions on his use of the vehicle, Patrick maintains that "it strains credibility to suggest that the 1990 Nissan was available to [him] for his 'regular use.'" *Id.* at 9.

In ruling on Erie's motion for summary judgment, the trial court agreed with the Rothers that the employment or fleet vehicle situation was "decidedly different." Trial Court Opinion, 6/27/11, at 5. Additionally, Patrick's limited access to the vehicle as a result of his father's restrictions on its use, *i.e.*, the fact that Patrick would not have been permitted to use the car to run to the store or pick up a pizza, was essential to the trial court's conclusion that it could not say, as a matter of law, that the regular use exclusion precluded coverage. When presented with the Rothers' motion for summary judgment, as well as the parties' stipulation of facts and opposing and supporting submissions, the trial court granted the motion, and held as a matter of law that Patrick's use of the vehicle did not preclude coverage under the exclusion. We disagree and reverse.

While the vehicle was not one provided to Patrick by his employer for his use while working, often the case in regular use litigation, the exclusion is not limited to fleet or employer-owned vehicles. Herein, it was supplied by his father for the specific purpose of transportation to work and we find such use to be regular in the context of a personal vehicle. Furthermore, we agree with Erie that restrictions on Patrick's use of his vehicle and regular use of that vehicle are not mutually exclusive. Patrick routinely and habitually used the vehicle within the scope of his father's permission to go to and from work four days per week. We find this type of restriction on use to be comparable to the situation involving fleet or employer-owned vehicles where use is limited to work-related activities, and despite restrictions on use, we have found the use to be regular within the meaning of the exclusion. *See Liberty Mutual Insurance Group v. Johnson*, 2007 WL 1726518, 2007 U.S. Dist. LEXIS 43278 (W.D.Pa.2007) (employee's use of PennDOT crash trucks for approximately four nights per month for six months of the year constituted regular use

even though access to keys was permitted only after supervisor's approval and personal use was restricted).

While Patrick had only used the vehicle for two weeks for this purpose, there was no indication that the use was temporary. The 1990 Nissan was the only vehicle Patrick used, it was used for a particular purpose, the pattern of use was consistent, and Patrick's use and possession of the vehicle was exclusive for a significant time each workday. We do not find this use to be of the type of isolated, casual, or incidental use of a non-owned vehicle that courts have held not to constitute regular use. *See Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288 (3d Cir.2012) (Repair shop owner's occasional delivery of insured's rental cars to his customers who needed a replacement vehicle while their vehicles were *being repaired* was "limited, conditional, and infrequent" and lacked indicia of habitual use or any understanding between the two parties). The facts herein demonstrate the type of regular use contemplated by the policy exclusion.

■ The regular use exclusion has been upheld on policy grounds because it generally promotes the cost containment policy underlying the MVFRL. In an automobile insurance policy, it functions to prevent an insurance company from being subjected to an additional risk of coverage for a vehicle for which the insurance company did not receive a premium or intend to insure. *Burstein v. Prudential Prop. & Cas. Ins. Co.*, 570 Pa. 177, 809 A.2d 204 (2002); *Brink v. Erie*, 940 A.2d 528 (Pa.Super.2008). "[I]nsureds are prevented from receiving gratis coverage, and insurers are not compelled to subsidize unknown and uncompensated risks by increasing insurance rates comprehensively." *Burstein, supra* at 208. Application of the exclusion on the facts herein does not run afoul of that policy.

In contrast to *Dixon, supra,* where we concluded that genuine issues of material fact precluded the entry of summary judgment, we find no such factual issues herein. As a matter of law, we hold that the regular use exclusion applies on the facts herein to preclude coverage. Therefore, we reverse the order granting summary judgment in favor of the Rothers and remand to the trial court for entry of summary judgment in favor of Erie.

Order reversed. Record remanded for entry of summary judgment in favor of Erie Insurance Exchange. Jurisdiction relinquished.