NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1574

_____

MICHELE BURTON, Individually and as assignees of Joyce Frisbie;
ROBERT BURTON, Individually and as assignees of Joyce Frisbie,

Appellants

v.

PROGRESSIVE ADVANCED INSURANCE CO

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-21-cv-01522)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on May 7, 2024

Before: PORTER, MONTGOMERY-REEVES and ROTH, <u>Circuit Judges</u>

(Opinion filed August 6, 2024)

_____

OPINION[*]

_____

ROTH, <u>Circuit Judge</u>

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michele and Robert Burton appeal the District Court's order granting summary to Progressive Advanced Insurance Company. We will affirm.

## I.    Factual and Procedural Background

Joyce Frisbie was driving her brother's Tahoe—which he was letting her use while her Civic was out of commission—when she caused a car accident that injured Michele Burton. At the time of the accident, Erie Insurance insured her brother's Tahoe,[1] while Progressive insured Frisbie's Civic. Progressive's policy provided $250,000 in liability coverage, subject to certain terms and conditions. In relevant part, the policy excluded "bodily injury or property damage arising out of the ownership, maintenance or use of any vehicle owned by [the policyholder] or furnished or available for [the policyholder's] regular use, other than a covered auto for which [the policy] has been purchased."[2] Frisbie reported the accident to Erie, who reported it to Progressive. After investigating, Progressive concluded that the Tahoe "was furnished and available for [Frisbie's] regular use" and therefore excluded from liability coverage.[3]

Burton and her husband sued Frisbie for negligence in state court, where Erie defended Frisbie. Following a bench trial, the Burtons were awarded a $320,871.30 verdict, $100,000 of which was paid for by Erie.[4] Frisbie then assigned her rights to pursue

---

[1] Erie's policy provided $100,000 in liability coverage.

[2] Appx. 842 (the "regular use" exclusion). The policy defined "covered auto," in relevant part, as follows: (1) "any auto [] shown on the declarations page for the coverages applicable to that auto"; (2) "any additional auto"; or (3) "any replacement auto[.]" Appx. 839. The only auto listed on Frisbie's declarations page was her Civic.

[3] Appx. 903.

[4] As Progressive had denied Frisbie coverage for the accident, Progressive paid nothing.

2

any claims against Progressive to the Burtons. The Burtons subsequently sued Progressive, giving rise to the instant case.[5]

In moving for summary judgment, the Burtons made two arguments. First, citing the Pennsylvania Superior Court's decision in *Rush v. Erie Exchange*[6] and the Western District of Pennsylvania's decision in *Evanina v. First Liberty Ins. Corp.*,[7] they argued that Progressive's "regular use" exclusion is unenforceable because it limits the scope of liability coverage required by the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL). Second, they argued that even if the exclusion is enforceable, it did not apply because Frisbie's use of the Tahoe was only temporary as it would stop when her Civic was repaired. The District Court disagreed on both counts and awarded summary judgment to Progressive.[8] The Burtons appealed.

---

[5] The Burtons sued Progressive in state court but Progressive removed the case on diversity grounds.

[6] 265 A.3d 794, 795 (Pa. Super. Ct. 2021) (in "case of first impression, hold[ing] that the 'regular use' exclusion conflicts with the MVFRL and is unenforceable"), *rev'd*, 308 A.3d 780 (Pa. 2024).

[7] 587 F. Supp. 3d 202, 208-209 (M.D. Pa. 2022) (predicting that the Pennsylvania Supreme Court would find "the regular use exclusion is contrary to [] the MVFRL and therefore invalid and unenforceable" based on the Superior Court's decision in *Rush*).

[8] *Burton v. Progressive Advanced Ins. Co.*, 2023 WL 2577237, at *4-5 (M.D. Pa. Mar. 20, 2023).

## II. Analysis[9]

The Burtons raise the same two arguments on appeal. They fail here as they did before the District Court.

First, while this appeal was pending, the Pennsylvania Supreme Court reversed the Superior Court's decision in *Rush*, holding that the "regular use" exclusion in underinsured motorist coverage does **not** violate the MVFRL and **is** valid and enforceable.[10] As a result, the Burtons' argument as to why Progressive's "regular use" exclusion is unenforceable rests entirely on what is no longer good law.[11]

Second, we agree with the District Court that Frisbie's use of her brother's Tahoe was "regular use" excluded from liability coverage under Progressive's policy. Pennsylvania courts have unanimously concluded that the term "regular use" is unambiguous[12] and defined as "a principal use as distinguished from casual[,] incidental .

---

[9] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting summary judgment is plenary. *See Pittsburgh Mailers Union Loc. 22 v. PG Publ'g Co. Inc.*, 30 F.4th 184, 186 (3d Cir. 2022). "We . . . review the facts in the light most favorable to the party against whom summary judgment was entered." *Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 951 (3d Cir. 1996).

[10] *See Rush v. Erie Ins. Exch.*, 308 A.3d 780, 802 (Pa. 2024).

[11] Nor does *Evanina* help the Burtons' case, as *Evanina* predated the Pennsylvania Supreme Court's decision in *Rush* and rested on a prediction that the court would come out the other way. *See Evanina*, 587 F. Supp. 3d at 208-209; *see also Rush*, 308 A.3d at 799-800 (rejecting *Evanina*'s prediction).

[12] *See Nationwide Mut. Ins. Co. v. Shoemaker*, 965 F. Supp. 700, 703 (E.D. Pa. 1997), *aff'd sub nom. Nationwide Ins. Co. v. Shoemaker*, 149 F.3d 1165 (3d Cir. 1998) (noting that "every Pennsylvania state court to have considered the question has come to that conclusion" and collecting cases).

. . [or] occasional" use.[13] It is immaterial that Frisbie planned to stop using her brother's Tahoe once her Civic was back up and running. What matters is that Frisbie was the Tahoe's principal operator while it was on loan to her.[14] It is undisputed that her brother gave her unqualified use of the car.[15] She kept it at her house full-time and used it on a near-daily basis to get to work, run errands, and the like. Given these undisputed facts, the District Court correctly concluded that the Tahoe was available for Frisbie's "regular use" at the time of the accident, and as a result, barred the Burtons from recovering against Progressive.

### III. Conclusion

We will affirm the District Court's order granting summary judgment to Progressive.

---

[13] *Crum and Forster Personal Ins. Co. v. Travelers Corp.*, 631 A. 2d 671, 673 (Pa. Super. Ct. 1993) (internal citations omitted).

[14] *See, e.g.*, *Shoemaker*, 965 F. Supp. at 706 (concluding that a granddaughter's "temporary but nonetheless principal employment of her grandmother's car" on a daily basis over a three-week period qualified as "regular use").

[15] *See id.* (identifying "(1) blanket permission to use the car . . . and (2) an available set of keys" as "two important indicia of regular use").