J-S73006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HUGHES | : | |
| | : | |
| Appellant | : | No. 98 WDA 2018 |

Appeal from the Judgment of Sentence December 6, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009919-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                      **FILED MARCH 25, 2019**

Appellant, William Hughes, appeals from the new judgment of sentence entered in the Allegheny County Court of Common Pleas, following the partial grant of relief on Appellant's first and timely-filed petition under the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9542-9546.  We affirm in part and dismiss in part.

In its September 20, 2017 memorandum order, the PCRA court set forth the relevant facts and procedural history of this case as follows:

> Following a non-jury trial held on March 7, 2013, [Appellant] was convicted of three (3) counts of [a]ggravated [a]ssault, one (1) count of [c]riminal [c]onspiracy and one (1) count of [c]riminal [m]ischief.  On July 16, 2013, [Appellant] was sentenced to an aggregate sentence of imprisonment of 7½-15 years, followed by a ten (10) year term of probation. [Appellant]'s judgment of sentence was affirmed by the Superior Court of Pennsylvania on September 24, 2015.  …
> A [p]etition for [a]llowance of [a]ppeal was filed on [Monday,] October 26, 2015.  On March 8, 2016, the

> Supreme Court of Pennsylvania denied the petition. It does not appear that [Appellant] sought a writ of *certiorari* with the United States Supreme Court. …
>
> On July 25, 2016, [Appellant] timely filed a *pro se* PCRA petition. On August 9, 2016, [counsel] was appointed to serve as PCRA [c]ounsel. PCRA [c]ounsel was directed to file an [a]mended [p]etition, if one was warranted, within 90 days of his appointment. PCRA [c]ounsel requested and received two (2) extensions of time to file an amended petition. On May 8, 2017, PCRA [c]ounsel timely filed an [a]mended PCRA [p]etition, raising two (2) claims. [Appellant], by way of PCRA [c]ounsel, asserted that [t]rial [counsel] provided ineffective assistance of counsel by: (i) failing to investigate and call character witnesses at trial and (ii) failing to inform [Appellant] of a plea offer and failing to fully advise [Appellant] of the advantages and disadvantages of that offer. … On June 26, 2017, [Appellant] filed an [a]mendment to his PCRA petition challenging the legality of his sentence [and requesting vacation of the sentence] because [the sentencing court] did not make a RRRI eligibility determination at the time of sentencing.
>
> On August 29, 2017, a PCRA [h]earing was held. At the outset of the hearing, [Appellant] withdrew his claim regarding trial counsel's purported failure to convey a plea offer to [Appellant]. …

(PCRA Court Memorandum Order, filed September 20, 2017, at 1-3) (internal citations omitted).

On September 20, 2017, the PCRA court granted in part and denied in part Appellant's PCRA petition. The PCRA court granted resentencing to determine RRRI eligibility but denied the remaining PCRA claims. The court resentenced Appellant on December 6, 2017, to an aggregate term of seven and one-half (7½) to fifteen (15) years' incarceration, plus ten (10) years' probation, and determined Appellant was not RRRI eligible. On December 14,

2017, Appellant filed a timely post-sentence motion, which the court denied on December 20, 2017. Appellant filed a timely notice of appeal on January 12, 2018. The court ordered Appellant on January 17, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied.

Appellant raises two issues for our review:

> DID TRIAL COUNSEL'S FAILURE TO INTERVIEW SEVERAL CHARACTER WITNESSES WHO WOULD HAVE TESTIFIED TO [APPELLANT]'S REPUTATION FOR TRUTHFULNESS AND FOR BEING NON-VIOLENT PREJUDICE [APPELLANT] WHERE TRIAL COUNSEL'S STRATEGY CONSISTED OF CALLING [APPELLANT] TO TESTIFY THAT HE WAS ACTING IN SELF-DEFENSE?
>
> DID THE [RESENTENCING] COURT ABUSE ITS DISCRETION WHEN RESENTENCING [APPELLANT] BY GIVING UNDUE WEIGHT TO THE SERIOUS NATURE OF THE OFFENSE ITSELF AND BY FAILING TO PROPERLY WEIGH EVIDENCE OF [APPELLANT]'S REHABILITATIVE PROGRESS AND EXEMPLARY RECORD AS AN INMATE?

(Appellant's Brief at 11).[1]

---

[1] To the extent the September 20, 2017 PCRA order denied Appellant's petition, it constituted a final order for purposes of appeal. **See Commonwealth v. Gaines**, 127 A.3d 15 (Pa.Super. 2015) (*en banc*) (holding PCRA court's order, which granted resentencing but denied all other claims for PCRA relief, was final appealable order; time to appeal denial of PCRA relief began to run on date of that order, not on date trial court resentenced defendant). Here, Appellant's January 12, 2018 notice of appeal is untimely as to the September 20, 2017 PCRA order denying his ineffective assistance of counsel claims. **See** Pa.R.A.P. 903(a) (stating general rule that appeal must be filed within thirty days). Accordingly, we dismiss Appellant's appeal regarding his challenge to the September 20, 2017 PCRA order and decline to address his first issue related to PCRA court error. **See Commonwealth v.**

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the

---

*Trinidad*, 96 A.3d 1031 (Pa.Super. 2014), *appeal denied*, 627 Pa. 758, 99 A.3d 925 (2014) (providing timeliness of appeal is jurisdictional question that this Court may raise *sua sponte*). *See also Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008) (stating absent extraordinary circumstances such as fraud or some breakdown in processes of court, this Court has no jurisdiction to entertain untimely appeal).

sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

After a thorough review of the record, the briefs of the parties, the applicable law and the well-reasoned opinion of the Honorable Beth A. Lazzara, we conclude Appellant's second issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question

presented. (**See** Trial Court Opinion, filed April 18, 2018, at 4-6) (finding: resentencing court did not rely solely on offense gravity score when resentencing Appellant; resentencing court considered pre-sentence investigation ("PSI") report and all relevant factors at resentencing; court specifically noted Appellant's progress while incarcerated and considered Appellant's rehabilitative needs). The record supports the trial court's decision. Accordingly, we affirm the judgment of sentence based on the trial court opinion; we dismiss the appeal with respect to the order denying PCRA relief.

Judgment of sentence affirmed; appeal dismissed in part.

President Judge Emeritus Bender joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/2019

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,

vs.

WILLIAM HUGHES,

Defendant.

CRIMINAL DIVISION

CC # 2012-9919

## OPINION

This is a direct appeal from the judgment of sentence entered on December 6, 2017. On that date, the Defendant was resentenced pursuant to this court's September 20, 2017 Order granting partial relief pursuant to the Post-Conviction Relief Act ("PCRA"). The Defendant filed Amended PCRA petitions on May 8, 2017 and June 26, 2017, raising two (2) claims for PCRA relief. First, the Defendant alleged that trial counsel provided ineffective assistance of counsel for failing to call character witnesses at trial. Second, the Defendant alleged that his sentence was illegal because the court failed to make a RRRI Eligibility Determination at the time of the original sentencing.

This court conducted a PCRA Hearing on the Defendant's claims on August 29, 2017. After considering the evidence presented and arguments advanced, the court issued a detailed Memorandum Order of Court, dated September 19, 2017, denying the Defendant's ineffective assistance of counsel claim. This court, however, granted the

1

Defendant a new sentencing hearing so that a RRRI Eligibility Determination could be made on the record.

On December 6, 2017, a resentencing hearing was held. After hearing evidence and arguments as to sentencing, the court re-imposed its original standard guidelines range sentence and made a specific finding on the record that the Defendant was not RRRI Eligible. The Defendant was resentenced to an aggregate term of imprisonment of 7 ½ to 15 years, with a consecutive ten (10) year term of probation to follow. Credit for time served was given, and the Defendant was ordered to continue, mental health, drug and alcohol and anger management treatment. (Resentence Transcript, "RT", 12/6/17, pp. 24-25). The Defendant filed a Motion to Modify Sentence on December 14, 2017, which was denied on December 18, 2017.

The Defendant's Notice of Appeal timely followed the denial of his Motion to Modify Sentence. On January 17, 2018, the Defendant was ordered to file a Concise Statement of Errors Complained of on Appeal ("Concise Statement"). After receiving one (1) extension of time, the Defendant filed his Concise Statement on March 26, 2018, raising the following two (2) issues for review:

    a. The Trial Court erred in finding the evidence presented at the PCRA evidentiary hearing to be insufficient to establish the ineffective assistance of Mr. Hughes' trial counsel, Attorney Tomasic. Specifically, the Court erred in determining that Mr. Hughes was not prejudiced by Mr. Tomasic's failure to call -- or even investigate -- character witnesses who were willing and available to testify at the time of trial.

b. The Trial Court abused its discretion at sentencing by impermissibly relying on the gravity of the offense as the sole basis for imposing a manifestly unreasonable sentence and by failing to consider numerous mitigating factors that weighed against the imposition of such a sentence. These mitigating factors include – but are not limited to – Mr. Hughes' rehabilitative needs, his sincere expression of remorse, and his strong support system in the community.

(Concise Statement, p. 4).

The Defendant's allegations of error on appeal have no merit. This court respectfully requests that its Order denying PCRA Relief, as well as its judgment of sentence, be upheld for the reasons that follow.

## DISCUSSION

### A. THIS COURT DID NOT ERR BY DENYING PCRA RELIEF ON THE BASIS OF INEFFECTIVE ASSISTANCE OF COUNSEL.

The Defendant claims that this court committed error when it found that the Defendant did not receive ineffective assistance at trial. Our appellate courts have explained the standard of review governing the denial of PCRA relief as follows:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. Commonwealth v. Calhoun, 52 A.3d 281, 284 (Pa. Super. 2012) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Garcia, 23 A.3d 1059, 1061 (Pa. Super. 2011) (internal quotation marks and citation omitted), appeal denied, —— Pa. —— ——, 38 A.3d 823 (Pa. 2012). The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review. Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009) (internal quotation marks and citations omitted).

3

Commonwealth v. Nero, 58 A.3d 802, 805 (Pa. Super. 2012).

In its Memorandum Order dated September 19, 2017, which is attached hereto and incorporated herein, this court set forth its reasoning for why it found that the Defendant was not entitled to PCRA relief on the claim of ineffective assistance of counsel. The thorough reasoning set forth in that Order remains this court's position on the matter. The Defendant's contention of ineffective assistance of counsel has no merit because the Defendant cannot show that he was prejudiced by the failure of his trial counsel to call character witnesses or that the presentation of character witnesses would have "offered a substantially greater chance of success" at trial. *See* Commonwealth v. Hull, 982 A.2d 1020, 1026 (Pa. Super. 2009). Therefore, this court respectfully requests that its Order denying PCRA relief be upheld.

## B. THE DEFENDANT'S SENTENCE WAS NOT AN ABUSE OF DISCRETION.

The Defendant's sentencing claim wholly lacks merit. Initially, the court notes that it set forth a detailed explanation for the imposition of the standard guidelines range sentence at the original sentencing in this case. (Sentencing Transcript, "ST", 7/16/13, pp. 24-28). Furthermore, at the time of the original sentencing, the court had thoroughly reviewed the Presentence Investigation Report that was prepared. The court also carefully reviewed all of the letters of support submitted on behalf of the Defendant, as well as all other accompanying documents presented by the Defendant in aid of sentencing. This court set forth its justification on the record during the original

4

sentencing hearing, and it further addressed the sentence in this case in its Opinion issued on October 21, 2014. The Superior Court decided that the Defendant's claim that his sentence was manifestly excessive lacked merit for the reasons advanced by this court. (*See*, Superior Court Opinion, 1779 WDA 2013, filed 9/24/15, p. 14, n. 8).

Contrary to the Defendant's contentions on appeal, this court did not solely rely on the gravity of offense when resentencing the Defendant to the original aggregate sentence of 7½ to 15 years in prison, followed by ten (10) years of probation. The court considered a variety of factors in determining whether to impose a more lenient sentence at the time of the resentencing. The court considered the Defendant's expression of remorse and his strong support system in the community. The court also noted its pleasure in the fact that the Defendant has been making positive strides during his incarceration. (RT, p. 24).

Despite the Defendant's progress, the court remains steadfast in its belief that the original, standard guidelines range sentence was a fair and appropriate sentence given the background and history of the Defendant, the substantial and ongoing impact on the victims, the nature and circumstances surrounding the offense, and the rehabilitative needs of the Defendant, which this court accounted for in its sentence. (RT, pp. 25, 27). Accordingly, the court respectfully requests that the reviewing court uphold the standard guideline range sentence in this case. *See* Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that "where a sentence is within

5

the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentence code.").

## CONCLUSION

Based on the foregoing, this court did not err by denying PCRA relief on the basis of ineffective assistance of counsel, and it did not commit an abuse of discretion in imposing a standard guidelines range sentence.

BY THE COURT:

_____, J.
BETH A. LAZZARA, JUDGE

_____4/18/18_____
DATE

6

Circulated 03/13/2019 03:38 PM

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA ) CC Nos. 2012-9919
) 
v. )
)
WILLIAM HUGHES, )
)
Defendant. )

## MEMORANDUM ORDER OF COURT

AND NOW, this ___19TH___ day of September, 2017, upon meaningful consideration of

the Defendant's Amended Petition under the Post-Conviction Relief Act ("PCRA"), filed on

May 8, 2016, the Defendant's Amendment to his PCRA Petition, filed on June 26, 2017, and

the evidence and argument presented at the PCRA Hearing held on August 29, 2017,

IT IS HEREBY ORDERED that the Defendant's request for PCRA Relief is

**GRANTED IN PART AND DENIED IN PART.** The Defendant's PCRA Petition is **GRANTED**

insofar as it seeks a resentencing so that the court can make a RRRI eligibility determination.

The Petition is **DENIED** in all other respects.

## I.    PROCEDURAL BACKGROUND

Following a non-jury trial held on March 7, 2013, the Defendant was convicted of three

(3) counts of Aggravated Assault, one (1) count of Criminal Conspiracy and one (1) count of

Criminal Mischief.[1] On July 16, 2013, the Defendant was sentenced to an aggregate

---

[1] The facts which form the basis for the Defendant's convictions were fully set forth in the

1

sentence of imprisonment of 7 ½ to 15, years followed by a ten (10) year term of probation. The Defendant's judgment of sentence was affirmed by the Superior Court of Pennsylvania on September 24, 2015. 42 Pa. C.S.A. §9545(b)(3). A Petition for Allowance of Appeal was filed on October 26, 2015. On March 8, 2016, the Supreme Court of Pennsylvania denied the petition. It does not appear that the Defendant sought a writ of *certiorari* with the United States Supreme Court. Accordingly, the Defendant's judgment of sentence became final on June 6, 2016, when the 90-day window for seeking a writ of *certiorari* with the United States Supreme Court expired. *See* Commonwealth v. Miller, 102 A.3d 988, 993 (Pa. Super. 2014); 42 Pa. C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of certiorari to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[ ]"). The Defendant, therefore, had until June 6, 2017, to file a timely PCRA petition. 42 Pa. C.S.A. §9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . .").

On July 25, 2016, the Defendant timely filed a *pro se* PCRA petition. On August 9, 2016, Attorney Adam Bishop, Esq. was appointed to serve as PCRA Counsel. PCRA Counsel was directed to file an Amended Petition, if one was warranted, within 90 days of his appointment. PCRA Counsel requested and received two (2) extensions of time to file an amended petition. On May 8, 2017, PCRA Counsel timely filed an Amended PCRA Petition,

---

court's 1925(a) Opinion, issued on October 12, 2014.

2

raising two (2) claims. The Defendant, by way of PCRA Counsel, asserted that Trial Counsel Tim Thomasic, Esq. provided ineffective assistance of counsel by: (i) failing to investigate and call character witnesses at trial and (ii) failing to inform the Defendant of a plea offer and failing to fully advise the Defendant of the advantages and disadvantages of that offer. (Amended PCRA Petition, filed 5/8/17, pp. 3-8). On May 17, 2017, the Commonwealth filed its Answer to the Amended PCRA Petition, agreeing that an evidentiary hearing was necessary to address the Defendant's claims. A PCRA Hearing originally was scheduled for June 22, 2017, however, the hearing was required to be postponed due to the unavailability of trial counsel. On June 26, 2017, the Defendant filed an Amendment to his PCRA petition challenging the legality of his sentence because this court did not make a RRRI eligibility determination at the time of sentencing. (Amendment to PCRA Petition, 6/26/17, pp. 2-4).

On August 29, 2017, a PCRA Hearing was held. At the outset of the hearing, the Defendant withdrew his claim regarding trial counsel's purported failure to convey a plea offer to the Defendant. (PCRA Hearing, 8/29/17, p. 3). The PCRA hearing, therefore, was focused solely on the issue of whether the Defendant was entitled to a new trial based on trial counsel's failure to investigate and call character witnesses at his non-jury trial. (PCRA Hearing, 8/29/17, pp. 1-56). After carefully considering the evidence and argument presented at the PCRA Hearing, the court finds that the Defendant is not entitled to a new trial based on trial counsel's failure to investigate and call character witnesses because he cannot prove by a preponderance of evidence that he was prejudiced by the absence of character evidence at his non-jury trial.

3

## II. ANALYSIS OF CLAIM

To obtain relief based on a claim of ineffective assistance of counsel, a defendant must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Jones, 912 A.2d 268, 278 (Pa. 2006); 42 Pa. C.S.A. § 9543(a)(2)(ii). In order to overcome the presumption that counsel provided effective representation, the defendant has to satisfy the performance and prejudice test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Strickland test requires a determination of whether: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner has shown that he suffered prejudice as a result of counsel's lapse, i.e., that there is a reasonable probability that the result of the proceeding would have been different. Commonwealth v. Bennett, 57 A.3d 1185, 1195-96 (Pa. 2012) (citing Commonwealth v. Pierce, 527 A.2d 973, 975 (Pa. 1987)).

In the more specific context of a claim which challenges trial counsel's ineffectiveness for failing to call witnesses at trial, the defendant must prove that: "(1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant." Commonwealth v. Cousar, 154 A.3d 287, 312 (Pa. 2017). In assessing the prejudice prong, i.e. whether there is a reasonable probability that effective assistance of counsel would have led to a different outcome, the Defendant "must demonstrate that the alternative not selected by counsel offered a *substantially greater chance of success* than the

4

tactic chosen." Commonwealth v. Hull, 982 A.2d 1020, 1026 (Pa. Super 2009) (emphasis added). Failure to satisfy any prong of the Strickland test for ineffectiveness will require rejection of the claim. Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. Super. 2003). Additionally, if a claim fails under any necessary element of the Strickland test, the court may proceed to that element first. Bennett, 57 A.3d at 1196.

At the PCRA Hearing, the Defendant presented evidence that there were several individuals who knew the Defendant from and were part of the bicycling community who were willing and able to testify to the Defendant's character for truthfulness and non-violence at the Defendant's non-jury trial. (PCRA Hearing, 8/29/17, pp. 19-42) Even assuming that the Defendant's claim has arguable merit and that no reasonable basis existed for trial counsel's failure to investigate and call these character witnesses, the Defendant is unable to establish that he was prejudiced by counsel's actions because he cannot show that the presentation of those character witnesses "offered a substantially greater chance of success" at his non-jury trial. Hull, *supra*, at 1026.

As an initial matter, the court notes that the character witnesses at issue in this case were part of the same bicycling community as the Defendant, specifically the bicycling rugby community, of which there were only a few dozen members. These potential witnesses were not from different cross-sections of the community. Also, each witness had only known the Defendant for a few years prior to the incident at best. Although the witnesses were willing and available to testify that the Defendant had a reputation for truthfulness and non-violence, the witnesses also testified that the Defendant's conviction for substantially injuring the

5

victims with his bike lock did not impact the Defendant's reputation for non-violence, which the court found to be disingenuous and hurtful, instead of helpful to the defense. (PCRA Hearing, pp. 21, 32, 34, 36, 39-40).

Given the fact that this case was resolved through a non-jury trial, the court is confident that the testimony of the character witnesses would not have sufficed to create reasonable doubt given the other evidence presented. For example, the testimony of a few individuals from the Defendant's bicycling community would not have weighed more heavily than the testimony of Co-Defendant Sherryl Feli, who testified that the Defendant had a history of confrontations with vehicle drivers on prior occasions. (TT, pp. 160-64). To be sure, Ms. Feli told police that she knew that the Defendant was "prone to altercations with cars" and that she had "knowledge of previous arguments that he had with drivers." (TT, pp. 163-64). Because she was aware of his proclivity of becoming involved in confrontations with vehicle drivers, she was trying to distance herself from the altercation that occurred with the victims in this case. (TT, pp. 160-64). Ms. Feli had an intimate relationship with the Defendant, and she had far better insight into his personality and character than random members of the rugby bicycling community.

While the Defendant argued that prejudice is to be viewed in an objective manner, this court notes that in the context of a non-jury trial, the court cannot be handcuffed from analyzing the impact that such evidence would have had on its own deliberations. To that end, the court notes that as the fact-finder in this case, it paid careful attention to the witnesses' demeanor and tone as they testified, and it found the testimony of the victims to be

6

far more credible and consistent than the testimony of the Defendant and his Co-Defendant. Among other things, the fact that the Defendants did not contact the police until days after the incident, and the fact that they did so only after they were made aware that the community was aware of the incident and that an investigation was likely going to take place, substantially diminished the credibility of the self-defense claim. (TT, pp. 190-191). Even when the question of prejudice is viewed objectively, the court nevertheless believes that such evidence failed to create a substantially greater chance of success at trial, given the evidence as a whole.

Unlike other cases where the failure to call character witnesses was deemed to warrant a new trial, the identification of the Defendant was not at issue, there was not conflicting evidence presented by the Commonwealth, the victims were available to testify at trial, and there was no indication that the testimony of the Commonwealth witnesses "may have been influenced by factors other than an oath to tell the truth." Commonwealth v. Harris, 785 A.2d 998, 1001 (Pa. Super. 2001); Commonwealth v. Glover, 619 A.2d 1357, 1362-63 (Pa. Super. 1993). The court also notes that while evidence of the Defendant's prior criminal burglary conviction was not introduced in the Commonwealth's case-in-chief, the testimony of witnesses could have prompted the Commonwealth to cross-examine those witnesses as to the Defendant's prior conviction, which only would have served to cast further doubt on the Defendant's credibility and his version of events.

In sum, while the court recognizes that character evidence is important and that it may sometimes suffice to create reasonable doubt, this is not such a case where the introduction of character evidence would have been powerful enough to create reasonable doubt.

Weighing the nature of the character evidence against the evidence as a whole, the Defendant cannot show that the presentation of character witnesses in his case "offered a substantially greater chance of success" at trial. Accordingly, because the Defendant cannot show that he was prejudiced by counsel's failure to investigate and call character witnesses at his non-jury trial, the Defendant is not entitled to PCRA relief, and his Amended PCRA Petition is DENIED.

BY THE COURT:

_____, J.

BETH A. LAZZARA, JUDGE

8