J-S46022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARNOLD LAWHUN | : | |
| | : | |
| Appellant | : | No. 974 EDA 2020 |

Appeal from the PCRA Order Entered March 2, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006228-2009

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED: JANUARY 29, 2021**

Appellant, Arnold Lawhun, appeals from the order dismissing, without a

hearing, his second petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history, as follows:

The Appellant, Arnold S. Lawhun, is a sexually violent
predator who was sentenced on September 16, 2011[,] after a
jury trial conducted between February 28, 2011[,] and March 1,
2011[,] in which he was found guilty of Rape of a Child, criminal
attempt, Aggravated Indecent Assault of a Child, criminal attempt,
Criminal Solicitation to Rape of a Child, Aggravated Indecent
Assault of a child less than 13 years of age, criminal solicitation (2
counts) and Criminal Use of A Communication Facility. By way of
background, "[Appellant] had multiple graphic conversations
online with an undercover detective who posed as a divorced
mother with three daughters aged 14, 11 and 7. [Appellant] left
no doubt that he wanted to have sexual intercourse with the girls.
He then drove over seven hours from Cleveland, Ohio, to
Delaware County, Pennsylvania, to meet the girls for sex. Along

the way, he had telephone conversations with the undercover detective to let her know where he was.

A jury found [Appellant] guilty of attempted rape,[2] attempted indecent assault,[3] criminal solicitation,[4] and criminal use of a communication facility.[5] The trial court determined that [Appellant] was a sexually violent predator and imposed the mandatory sentence of 25-50 years' imprisonment. The Appellant's Judgment of Sentence was affirmed by the Pennsylvania Superior Court on [July 23], 2012 [**Commonwealth v. Lawhun**, 55 A.3d 144,] (2813 EDA 2011) [(Pa. Super. 2012) (unpublished memorandum)].

[2] 18 Pa.C.S. §§ 901, 3121(c) ("Rape of a child").

[3] 18 Pa.C.S. §§ 901, 3125(b) ("Aggravated indecent assault of a child").

[4] 18 Pa.C.S. § 902.

[5] 18 Pa.C.S. § 7512.

The Appellant filed a "first" PCRA petition, the denial of which, was also affirmed on appeal.[6]

[6] The Appellant filed a timely first PCRA petition alleging ineffective assistance of counsel due to counsel's failure to convey a guilty plea offer prior to trial of 6-15 years imprisonment, [Appellant] insisted he would have accepted this offer had counsel told him about it. On March 21, 2013, the Appellant filed a counseled Amended PCRA Petition (hereinafter "first PCRA petition"). On June 26, 2013 and concluding on July 15, 2013, the PCRA court conducted hearings on the Appellant's first PCRA petition. After briefing by the parties, the PCRA court entered an order denying the Appellant's first PCRA petition (the issues raised and rejected by the Pennsylvania Superior Court surrounded the purported ineffectiveness of his pretrial and trial counsel in supposedly failing to inform him of a pre-trial plea offer).

On October 23, 2013, the Appellant appealed the denial of his first PCRA petition. On May 7, 2014,

the Superior Court of Pennsylvania affirmed the denial of the Appellant's first PCRA petition by the PCRA court. Appellant['s] petition for allowance of appeal to the Pennsylvania Supreme Court was denied on October 26, 2014. [*Commonwealth v. Lawhun*, 104 A.3d 39, 2918 EDA 2013 (Pa. Super. filed May 7, 2014) (unpublished memorandum), *appeal denied*, 102 A.3d 984, 399 MAL 2014 (Pa. filed October 23, 2014)].

On November 9, 2017, the Appellant filed a second *pro se* Post-Conviction Relief Act Petition (hereinafter "second PCRA petition"). On December 1, 2017, the second PCRA court appointed counsel to review and potentially file an amended second PCRA petition. Various second PCRA counsel sought and were granted extensions to file an amended second PCRA until the second amended PCRA petition was filed on October 1, 2018. The Commonwealth filed a response thereto on March 8, 2019[,] addressing the *Alleyne* and *SORNA*[1] issues raised in the second

---

[1] Sexual Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.42. We have stated:

SORNA was originally enacted on December 20, 2011, effective December 20, 2012. See Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, see Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, see Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II. As our Supreme Court recently explained in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020),

Act 10 split SORNA, which was previously designated in the Sentencing Code as Subchapter H, into two subchapters. Revised Subchapter H applies to crimes committed on or after December 20, 2012, whereas

- 3 -

amended PCRA petition as well as a motion to dismiss for lack of timeliness.[7]

> [7] Appellant raised issues contending he was now entitled to relief from his sentence on grounds of **Alleyne v. United States**, 570 U.S. 99 (2013) (unconstitutional enhancement) as well as pursuant to [**Commonwealth**] **v. Muniz**, 164 A.3d 1189 (Pa. 2017) [(plurality)] (Prohibiting the unconstitutional retroactive application of SORNA I). Appellant is not entitled to PCRA relief.
>
> The Appellant now appeals the dismissal of his second PCRA petition.

PCRA Court Opinion, 4/23/20, at unnumbered 1–3.

Appellant filed a timely notice of appeal on March 31, 2020. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant, represented by counsel, raises the following issue on appeal:

I. Was the trial court in error for dismissing the Post Conviction Relief Act Petition filed in this matter as to the issue of whether or not [Appellant's] sentence was unconstitutional pursuant to Alleyne v. United States, 570 U.S. 99 (2013) as well as Commonwealth v. Muniz, 164 A.3d 1189 (2017)?

---

> Subchapter I applies to crimes committed after April 22, 1996, but before December 20, 2012. In essence, Revised Subchapter H retained many of the provisions of SORNA, while Subchapter I imposed arguably less onerous requirements on those who committed offenses prior to December 20, 2012, in an attempt to address this Court's conclusion in **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017)] that application of the original provisions of SORNA to these offenders constituted an ex post facto violation.

**Id.** at 580 (emphasis added).

**Commonwealth v. Mickley**, 240 A.3d 957, 958 n.3 (Pa. Super. 2020).

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We initially must determine whether Appellant has filed a timely petition. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3).

Beyond the one-year time-bar, a petitioner must plead and prove at least one of the time-bar exceptions. These exceptions include:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii). A petitioner must raise the claim within sixty days from the date that the claim could have been raised. *Id.* at § 9545(b)(2).[2]

In the case *sub judice*, Appellant was sentenced on September 16, 2011. As noted, this Court affirmed the judgment of sentence on July 23, 2012; Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Thus, his judgment of sentence became final on Wednesday, August 22, 2012. 42 Pa.C.S. § 9545(b)(3). Pursuant to 42 Pa.C.S. § 9545(b)(1) and (3), Appellant had one year within which to file a PCRA

---

[2] Section 9545(b)(2) was amended to reflect that a petitioner has one year rather than the prior deadline of sixty days to raise his claim. This amendment became effective on December 24, 2018, and applies to claims arising on December 24, 2017, or after. Appellant's *pro se* PCRA petition was filed on November 27, 2017, before the amendment became effective. Additionally, Appellant's alleged claim arose on July 19, 2017, the date that the decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), was filed. Therefore, the amendment is inapplicable because the decision in *Muniz* preceded December 24, 2017.

petition, *i.e.*, no later than August 22, 2013. Appellant's instant petition, filed on November 27, 2017, is patently untimely. ***See*** 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Gamboa–Taylor***, 753 A.2d 780, 783 (Pa. 2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely, and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar). We thus turn to whether Appellant has pled and proven that one or more of the exceptions to the PCRA's timeliness requisites applies.

Appellant's claim for relief is premised on the theory that he is serving an illegal sentence. The PCRA is the sole means allowing for collateral review of a judgment of sentence. ***Commonwealth v. Descardes***, 136 A.3d 493, 497–498 (Pa. 2016). "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) (quoting ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*)). "In the PCRA context, jurisdiction is linked to the filing of a timely PCRA petition." ***Id.*** Although legality of sentence is always subject to review within the PCRA, petitioners must initially satisfy the PCRA's time limits or one of the exceptions thereto. "Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal citations omitted).

Appellant maintains he is serving an illegal sentence pursuant to *Alleyne*, 570 U.S. 99, and *Muniz*, 164 A.3d 1189. Appellant's Brief at 10. *Alleyne*, however, does not apply to Appellant because our Supreme Court has unequivocally ruled that *Alleyne* does not apply retroactively on PCRA review. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016.).[3] "It is also ... settled that *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition." *Commonwealth v. Ruiz*, 131 A.3d 54, 58 (Pa. Super. 2015). Therefore, *Alleyne* will not provide a basis for PCRA relief when *Alleyne* was decided after a petitioner's sentence became final. *Id.* *Alleyne* was decided in 2013; Appellant's judgment of sentence became final on August 22, 2012. Because the Pennsylvania Supreme Court has held that *Alleyne* does not apply retroactively on collateral review, Appellant cannot invoke the new constitutional right exception. *See* 42 Pa.C.S. § 9545(b)(1)(iii); *Washington*, 142 A.3d at 820; *Commonwealth v. Miller*, 102 A.3d 988, 994-995 (Pa. Super. 2014).

---

[3] Appellant's suggestion that *Washington* was wrongly decided, Appellant's Brief at 16, is rejected. "This Court is of course bound by existing precedent under the doctrine of *stare decisis*." *Dixon v. GEICO*, 1 A.3d 921, 925–926 (Pa. Super. 2010). This Court continues to follow controlling precedent as long as a decision has not been overturned by our Supreme Court. *Id.* at 926.

Accordingly, we discern no error in the PCRA court's ruling that Appellant failed to establish a time-bar exception based on **Alleyne**.[4]

Appellant also attempts to rely on **Muniz**, 164 A.3d 1189. Appellant's Brief at 27. In **Muniz**, our Supreme Court held that the SORNA registration provisions are punitive, and that retroactive application of SORNA's provisions violate the federal *ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania Constitution. **Id.** at 1193. In **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018), our Court recognized that even though "**Muniz** created a substantive rule that retroactively applies in the collateral context[,]" where, as here, a "PCRA petition is untimely[, the petitioner] must demonstrate that the **Pennsylvania Supreme Court** has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii)." **Murphy**, 180 at 405-406 (emphasis in original). **See Commonwealth v. Greco**, 203 A.3d 1120 (Pa. Super. 2019) (same); **see also Commonwealth v. Hromek**, 232 A.3d 881, 885 (Pa. Super. 2020) (reaffirming **Murphy** and holding that trial court lacked jurisdiction to reach merits of untimely PCRA petition).

As in **Hromek**, the **Muniz** decision does not allow Appellant to escape the PCRA time-bar as it fails to satisfy a newly-recognized constitutional-right

---

[4] Moreover, because Appellant's mandatory sentence was a result of a prior conviction, it remains an exception to **Alleyne**, even if the case were applicable. **See Almendarez-Torres v. United States**, 523 U.S. 224 (1998) (factfinder is not required to determine prior disputed convictions) **accord Apprendi v. New Jersey**, 530 U.S. 466 (2000); **United States v. Booker**, 543 U.S. 220 (2005) (prior convictions need not be submitted to a jury).

exception under 42 Pa.C.S. § 9545(b)(1)(iii). ***Hromek***, 232 A.3d at 886. Thus, Appellant cannot rely upon ***Muniz*** to excuse the untimeliness of his PCRA petition under Section 9545(b)(1)(iii), and the PCRA court had no jurisdiction to grant Appellant relief. Therefore, where Appellant's petition is facially untimely, and he failed to satisfy any PCRA time-bar exception, we conclude that the PCRA court correctly dismissed his PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/21